92 461
126 69

## EVE LOFTEN

*v.*

### ELIZABETH C. WITBOARD *et al.*

RESULTING TRUST—*when it arises.* In a suit for partition of lands among several heirs, the lands were decreed to be sold, and a commissioner appointed for the purpose of executing the decree. At the sale the husband of one of the heirs became the purchaser of one of the tracts, took the title in his own name, paying nothing upon his purchase except a small amount, the excess of his bid over and above his wife's interest in the proceeds of the whole sale. The husband repeatedly promised his wife to have the title vested in her, but it was not done: *Held,* the purchase money for the land being the wife's share of the proceeds of the sale, a resulting trust therein would arise in her favor.

WRIT OF ERROR to the Circuit Court of Randolph county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. HAMMACK & DAVIS, for the plaintiff in error.

Mr. JOHN MICHAN, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The error assigned is sustaining a demurrer to the bill.

The bill filed March 3, 1874, sets forth that on March 16, 1845, Jacob Bowerman died intestate seized in fee of certain described lands, leaving the complainant and seven other children his children and only heirs at law, to whom the lands descended; that at the April term, 1849, of the Randolph county circuit court, in a suit between the heirs for a partition of the lands, the lands were decreed to be sold, and a commissioner appointed to make the sale; that on January 2, 1851, the commissioner made sale of all the lands; that complainant was entitled to one-eighth part of the lands, or to the one-eighth part of the proceeds of the sale, which, after paying costs, amounted to $203; that Eli Loften, then the husband of complainant, became the purchaser of one certain described tract of the land, and the commissioner executed to him a deed therefor, the said Eli not paying anything for the land, except $22, the excess above the amount of complainant's interest in the proceeds of the whole sale; that the said Eli took the title to the land in his own name, without the knowledge or consent of the complainant, and against the express agreement between her and the said Eli, that the deed should be taken in the name of the complainant, and that she did not know for some years after, that the said Eli had taken the deed in his own name; that after she learned such fact, he promised her to have the deed changed, and she did not take any steps to compel him to do so; that she has always been in possession of the land; that the said Eli cultivated it, but never converted her interest in her father's estate to his own use, but that the interest of complainant in said land had always been preserved and held in trust by said Eli; that he improved the land and paid the taxes thereon, and received the rents and profits,

which were of greater value than the amount of the taxes and improvements made ; that Eli Loften died intestate December 5, 1873, leaving complainant, his widow, and Elizabeth Cordelia Witboard, wife of Henry Witboard, his only child and heir, and that the title to said tract of land was vested in the said Elizabeth Cordelia Witboard, subject to the equitable estate of the complainant.

We are of opinion that the bill, upon its face, makes a case for equitable relief. It shows in the complainant a resulting trust in the land, the purchase money therefor having been her share of the proceeds of the sale of the lands in the partition proceeding, except $22 paid by the husband as the excess above such share.

Whatever might have been the husband's right in respect to the reduction to his possession of his wife's money arising from the sale of said lands, he never, according to the allegations of the bill, undertook to exercise such marital right, he having agreed with his wife, both before and after the taking of the deed from the commissioner, that the deed to the land should be in her name. This repels the idea of any intention of reducing to his own possession his wife's share of the proceeds of the sale of the lands.

We think the court erred in sustaining the demurrer to the bill.

The decree is reversed and the cause remanded.

*Decree reversed.*