MARGARET RANSOM v. KATE SARGENT AND W. D. DISBROW.

JUDGMENT LIEN, *Does Not Attach, When.*   R. owned certain real estate, and S., at the same time, had a judgment against H.   R. executed a deed to H. for the property, and H. mortgaged it to J., and also deeded it back to R.   The two deeds and the mortgage were executed simultaneously, and as parts and portions of one and the same transaction. The deed from R. to H. was executed solely for the purpose of enabling H. to procure a loan of money from J., and to secure it in his own name, and without any other consideration whatever.   *Held*, That H., by these transactions, did not obtain any interest in said property to which a judg-

ment lien could attach, or upon which an execution could be levied; and this notwithstanding the fact that H., a single man, occupied the property as a residence, with his family; and notwithstanding the fact that the deed from R. to H. and the mortgage were recorded prior to the recording of the deed from H. to R.— both deeds and the mortgage having been recorded before any execution was issued or levied upon the property.

### Error from Shawnee District Court.

AT the January Term, 1878, of the district court, *Sargent* and *Disbrow,* as defendants, had judgment against *Ransom,* as plaintiff, who brings the case here on error.  All necessary facts are stated in the opinion.

*Guthrie & Brown,* for plaintiff in error:

There is no difference in principle between this case and that of *Harrison v. Andrews,* 18 Kas. 541.  It has long been well settled, that where several instruments are executed at the same time, between the same parties, in relation to the same subject-matter, they are to be considered as one.  (4 Mass. 569; *Hazelton v. Lesure,* 91 Mass. 24; 15 Johns. 459; 6 Cow. 316.)  Nor is the rule confined to transactions between the same nominal parties.  (14 Mass. 351; 93 id. 408.)  Nor is it essential to the application of the rule, that the instruments should correspond in date, provided that they are delivered at the same time, as they take effect from delivery only; and it is competent to show by parol at what time the delivery was actually made.  (57 Mo. 559.)

There is no better settled doctrine than that instantaneous seisin of the husband does not endow the wife.  The most frequent example of this rule is where the husband receives a conveyance of real estate, and executes a mortgage to secure the purchase-money.  (18 B. Mon. 107; 37 Me. 11; 86 Mass. 510; 93 id. 408; 1 Barb. 399; 15 Johns. 459; 12 Serg. & R. 18; 15 Pet. 39; 4 Leigh, 30.)  And the decisions do not rest upon the ground of a superior equity in the vendor-mortgagee in such cases, but upon the ground that the act of conveying and the act of mortgaging must be regarded as one and the same transaction, and the seisin instantaneous

only. (*Curtis v. Root*, 20 Ill. 53; 8 Cal. 271.) Nor will such seisin suffice to give homestead rights to the wife, she not having joined in the mortgage. Now certainly, if dower and homestead rights, both the especial care of the law, cannot attach to real estate under this instantaneous seisin, *a fortiori* the general lien of a judgment cannot.

The lien of a judgment does not confer a property or right in the land upon which it operates. It is merely a right to satisfaction superior to any subsequently acquired adverse interest. It is limited to the interest of the debtor in the property, subject to all equities existing at the time in favor of third parties. The judgment creditor acquires thereby no higher or better right to the property than the debtor himself had. (15 Ark. 73; 1 Freem. Ch. 85; 23 Iowa, 229; 48 Miss. 536; 5 McLean, 508; 1 S. & M. Ch. 338; 7 Wall. 205; *Swartz v. Stees*, 2 Kas. 236; *Treptow v. Buse*, 10 Kas. 177; *Kirkwood v. Koester*, 11 Kas. 477.) If the judgment debtor has no interest, although possessing the naked legal title, no lien attaches. (24 Iowa, 398; 1 Paige Ch. 280.) It is the settled rule in chancery that a general lien must be controlled so as to protect the rights of those who were previously entitled to an equitable interest in the lands. (7 Wall. 205.)

Now let us suppose that Sargent, by reason of the transaction in question, did acquire a lien upon the property; to what extent, as between her and plaintiff, did that lien go? It should be borne in mind that there was no lien at common law. (2 McLean, 78.) Whatever lien Sargent acquired was purely statutory. Her right must therefore be adjudicated upon with the exactness of a Portia. One who acquires a lien by judicial process, occupies no better position than a purchaser with notice. (39 Cal. 442.) Nor can a judgment lien-holder acquire any greater equity. This rule arises, necessarily, from the doctrine that his lien affects only such interest as the judgment debtor has in the property. Now if Homer, instead of reconveying to plaintiff, had sold and conveyed to some third party with notice of plaintiff's rights, such party would not have acquired an interest in the prop-

erty as against plaintiff. And if such party were about to sell again, a court of equity in plaintiff's behalf would certainly enjoin the sale. At the best, Sargent occupies no stronger position than such party.

But recurring to the question, as to whether Homer acquired such an interest in the real estate as to make it subject to the lien of Sargent's judgment, plaintiff in error insists that *Harrison v. Andrews*, supra, should be regarded as settling it in the negative. And that decision is in accordance with that of *Hazleton v. Lesure*, supra. In fact, the latter case may possibly be regarded as more in point than the former, for it was a conveyance of real estate to enable the grantee to mortgage the same.

It is submitted that the court erred in sustaining the demurrer of defendants in error, and as a consequence erred in discharging the order of injunction.

*G. C. Clemens*, for defendants in error. (No brief on file.)

The opinion of the court was delivered by

VALENTINE, J.: The petition of the plaintiff, Margaret Ransom, alleges in substance that on September 1, 1877, and for a long time prior thereto, she was the owner of the real estate now in controversy; that said premises were then and still are occupied as a residence by one C. Homer, a single man, and by his family. (This fact of occupancy seems to be alleged as a fact in favor of the plaintiff, but we would think it was rather against her.) On said September 1, 1877, the plaintiff executed a deed for the property to Homer, and he executed a mortgage thereon to H. J. Ransom, and also a deed back to the plaintiff, Mrs. Ransom. These two deeds and this mortgage were executed simultaneously, and as parts and portions of one and the same transaction. The deed from the plaintiff to Homer was executed without any consideration other than as herein expressed, and solely for the purpose of enabling Homer to procure a loan of money from said H. J. Ransom, and to secure it in his own name; and it

was the purpose and intention of the parties then and there verbally expressed, that said Homer should not acquire any beneficial interest in said property other than that necessary to enable him to effect the said loan; and he never did acquire any interest in said property other than as above stated. The deed from the plaintiff to Homer and the mortgage from Homer to H. J. Ransom were recorded September 19, 1877, and the deed from Homer to plaintiff was recorded November 10, 1877.

Prior to said September 1, 1877, and on January 28, 1876, a judgment was rendered in favor of the defendant Kate Sargent, and against said Homer. This judgment is still in force. On January 10, 1878, an execution was issued on said judgment, and placed in the hands of the defendant W. D. Disbrow, as sheriff, for service. On January 15, 1878, said Disbrow levied said execution on said property, and was about to sell the same, when this action was commenced to restrain and perpetually enjoin the defendants from further proceeding against said property. The defendants demurred to the plaintiff's petition, on the ground that it did not state facts sufficient to constitute a cause of action against them, and the court below sustained the demurrer. The plaintiff then brought the case to this court for review.

We think the court below erred. We do not think that Homer had any interest in said property to which a judgment lien could attach, or upon which an execution could be levied. *Harrison v. Andrews*, 18 Kas. 535; *Hazelton v. Lesure*, 91 Mass. (9 Allen), 24. But for the argument and authorities in this case, we would refer to the able brief of counsel for plaintiff. We would suggest one query, however. We suppose that the defendants claim solely upon the ground that the defendant Sargent obtained a judgment lien upon the property at the time that the plaintiff executed her said deed to Homer, and that they do not found any claim upon the mere fact of the levy of the execution independent of such judgment lien; for at the time the execution was issued and levied, both deeds and the mortgage were recorded, and the

defendants were bound to take notice of the contents thereof, and to know that the plaintiff owned the property (provided she did own it), and to know that H. J. Ransom had a mortgage lien upon it (provided he did have any such mortgage lien). The query, then, which we wish to suggest, is this: If the defendant Sargent obtained a judgment lien on said property, was it prior to the mortgage lien of H. J. Ransom, or was it subsequent thereto? We suppose the defendants would answer that it was prior thereto, and that H. J. Ransom was deprived of the security which the parties intended he should have, and which he in good faith supposed he was getting. We however do not think that the defendant Sargent obtained any judgment lien on said property.

The judgment of the court below will be reversed, and cause remanded for further proceedings.

All the Justices concurring.