The opinion of the court was delivered by
Valentine, J.:
This action was brought in the district court of Marion county, by W. B. Law against James English, for the recovery of money due on a promissory note. Certain land in said county was attached as the property of the defendant. Immediately thereafter Lide J. English, the wife-of the defendant, filed a pleading in the case, under- chapter 137 of the Laws of 1877, (Comp. Laws 1879, p. 6Ó6,) setting forth that, although the legal title to the land was, at the time it was attached, in her husband, James English, yet the entire equitable title and interest were in her, and that her husband was a mere trustee for her of the legal title. This claim was *243 based upon the following facts, which were testified to on the trial of the case, both by the claimant, Lide J. English, and her husband: Lide J. English and James English were married in 1866. At that time he had no money or property; but she had. This money, and the proceeds of the sale of the property, were loaned by her to her husband to invest in a farm in Ohio, near where they resided; which investment was made along with one Isaiah English, a brother to James, and the deed to this farm was taken in the names of the two brothers and the wife. Afterward this land was divided, and sixty-two acres thereof were agreed to belong to the husband and wife, but whether a partition of record was ever made, or in whose name the title was placed, does not appear. ^Afterward this land was traded by James English for the land attached in Marion county, Kansas, and the deed thereto was executed to him; It had been previously agreed between the husband and wife that the money advanced by her, and which was used to pay for the land in Ohio, should be repaid; and subsequently it was agreed between them that, for the purpose of such repayment, the title to the land in Kansas should be taken in her name; and this agreement on the part of her husband to repay her the debt he owed her, by allowing the title to the Kansas land to be taken in her name, was made a condition precedent by her for her signature to the deed for the land in Ohio. In effecting the trade for the land in Kansas, the husband acted as the agent of his wife; but by a mistake of some person — not of thejiusband or wife, but probably of the person who drew up the deed, but-of whom it does not. fully appear — the deed for the land in Kansas was executed to the husband instead of to the wife. This is the substance, in brief, of all the testimony in the case. None of it was oral, but it was all in writing, in depositions and deeds of conveyance; and hence this court has the same opportunity of judging of the credibility of the witnesses and the weight of their testimony as the district court had, and has the same means of examining the evidence intelligently as the district court had.
The district court decided in favor of the plaintiff, Law, *244 and against the claimant, Lide J. English; but upon what principle of law or fact, we are not clearly informed. It would seem to us thát at the time the land was attached, the equitable title thereto was in the claimant, and that her husband merely held the legal title thereto in trust for her. As has already been stated, the deed was executed to the husband purely through mistake, not of the husband or wife, but probably of the person who drew up the deed; but even if it had been so executed to the husband through his procurement alone, still it would probably make but little difference, because he was his wife’s agent for the purchase of the land and to procure the conveyance to her. The consideration*for the Kansas land was the deed from the husband and wife for the Ohio land; and this deed the husband obtained from the wife upon the express condition, and that only, that she should receive the title to the land in Kansas. Such a consideration we think is equally efficaoious to charge the husband with a trust as though the wife had intrusted her money with him instead of a deed, for the accomplishment of the same purpose. Besides, she was the owner, as is fair to infer from the testimony, of a part of the title to the Ohio land. In McClure v. Doak, 6 Baxter (Tenn.) 364, it is decided that “Where a husband gets control of his wife’s funds, not by virtue of his marital rights, but under an express promise to invest the same in land for her use, and afterward purchases land, taking the title to himself, the law attaches a trust for the wife’s benefit to the title so acquired to the extent of the application of her money in the purchase; and though the husband’s agreement rests in parol, it is not affected by the statute of frauds or the registration laws.” And if, after the deed for the Kansas land was executed to the husband, the entire equitable title to the land was in the wife — the husband holding only the bare, naked legal title — then the land was not subject to the attachment issued in this case in favor of the plaintiff, Law, and against the husband, James English. (Holden v. Garrett, 23 Kas. *245 98. See also Harrison v. Andrews, 18 Kas. 535, and Ransom v. Sargent, 22 Kas. 516.
Judicial process (in the absence of a sale under it to an innocent and bona fide purchaser) will not attach to a bare, naked legal title, so as to affect the interests or rights of the person holding the equitable title.
Our decision in this case is in favor of the claimant, Lide J. English; but the decision is made upon the theory that the testimony of the claimant and her husband is true. Therefore, when the case goes back to the district court for another trial, as it must, if the testimony of the claimant and her husband should be found not to be true, or if their testimony should be greatly discredited, a different decision might be required in the case; but if upon the new trial the facts shall appear substantially as they appear in this case, then judgment should be rendered in favor of the claimant, and against the plaintiff, Law.
The judgment of the court below will be reversed, and the cause remanded for a new trial.
All the Justices concurring.