Mitchell v. Colglazier et al.

Filed May 24, 1886.

---

No. 12,131.

MITCHELL v. COLGLAZIER ET AL.

HUSBAND AND WIFE.—*Principal and Agent.*—*Trust.*—*Fraudulent Conveyance.*—*Consideration.*—*Debtor and Creditor.*—A husband, acting for his wife, purchased land and made the cash payment therefor with her money, but gave his own notes for the deferred payments, and, without her knowledge, took the title to himself. She, supposing the title to be in her name, furnished the money to pay the notes as they became due. Upon discovering that the title was in her husband, she demanded and received a conveyance to herself.

*Held*, that such conveyance is not fraudulent as against creditors of the husband, and rests upon a good consideration.

SAME.—*Evidence.* — *Declarations.* — *Res Gestæ.* — Declarations of the wife, upon discovering that the title was in her husband, on the day of its conveyance to her, that her money paid for the land, and demanding its conveyance to her, are admissible as part of the *res gestæ* and as tending to show the consideration for the conveyance.

SPECIAL FINDING.—*Silence as to Material Facts.*—*Presumption.*—Where the special finding is silent as to facts which a party is required to affirmatively establish, it will be presumed on appeal that the evidence failed to establish such facts.

From the Washington Circuit Court.

*S. H. Mitchell, R. B. Mitchell, S. B. Voyles, H. Morris* and *J. A. Zaring*, for appellant.

*A. Elliott, D. M. Alspaugh* and *J. C. Lawler*, for appellees.

MITCHELL, J.—The complaint in this case charges that David Colglazier, with the intent to defraud the plaintiff, a judgment creditor, and without consideration, conveyed certain real estate, of which he was the owner, to his wife. The suit was to set aside this conveyance.

Louisa Colglazier answered separately, and the ruling of the court, in overruling a demurrer to her answer, presents the principal question for decision.

The substance of her answer was, that in 1872 she was the wife of David Colglazier, and was possessed of certain moneys and choses in action which were her separate property; and that she appointed her husband to purchase for her the property in controversy. It is averred that, while so acting for her, he did purchase the land for $2,100, and that he made the entire cash payment of $100 with her money, and gave his own notes for the deferred payments. He also took the title to himself without her knowledge or consent. As the notes for the deferred payments came due, she, supposing the title to the land was in her name, furnished the money with which they were all paid off. Upon discovering that the title was in her husband, she demanded that the property should be conveyed to her. In pursuance of her demand and before the plaintiff's judgment was recovered, the conveyance, the making of which is the subject of the suit, was made.

The objections which are made to this answer are, that it does not controvert the charge of fraud, nor deny that the deed was made without consideration. This view does not seem to be sustained. Conceding that there is no direct denial of the imputed fraud, and that it is not stated in terms, that a valuable consideration was paid for the conveyance,

VOL. 106.—30

the conclusion nevertheless follows irresistibly, that the deed was neither fraudulent nor without consideration.

The husband having undertaken as the agent of his wife to purchase the land for her, she having confessedly paid every dollar of the purchase-price, under the belief that the title was, as it should have been, taken in her name, the imputation that the deed subsequently made to her was fraudulent and without consideration, is thereby clearly repelled. One who undertakes, as agent, to purchase land for another, can not, by taking the title to himself in violation of his trust, defeat the rights of his principal, even though he gives his own notes for the deferred payments. Nor does it alter the case that the agent is the husband of the principal.

It may be a question, where an agent who is employed by a principal to purchase particular property, pays the entire purchase-price out of his own means, whether such agent can be compelled to surrender the property so purchased to his principal upon being repaid. There is, however, no question but that the purchase enures to the benefit of the principal in case any part of his money is used to pay the purchase-price. *Hidden* v. *Jordan*, 21 Cal. 92; *Botsford* v. *Burr*, 2 Johns. Ch. 405; *Lees* v. *Nuttall*, 1 Russ. & M. 53; *Bartlett* v. *Pickersgill*, 1 Eden, 515.

Certainly, in this case, where the wife paid the whole purchase-price, the mere fact that the husband had given his notes for the deferred payments, does not defeat her equitable title.

This presents the ordinary case of a wife furnishing the money and paying for property which the husband, without her consent, has taken to himself. In such a case he holds it in trust for his wife, and a court of equity will protect it for her against his creditors. *Goldsberry* v. *Gentry*, 92 Ind. 193; *Robertson* v. *Huffman*, 92 Ind. 247; *Bishop* v. *State, ex rel.*, 83 Ind. 67; *Lord* v. *Bishop*, 101 Ind. 334; *Heberd* v. *Wines*, 105 Ind. 237.

We recognize the principle contended for by appellant, that the trust must have resulted from the facts as they existed at the time the husband took the title. *Westerfield* v. *Kimmer*, 82 Ind. 365. But upon the facts as they existed—the cash payment having been made with her money—a trust resulted in favor of Mrs. Colglazier.

Not only was the cash payment made with the wife's money, but the answer very clearly embraces the idea that the husband agreed to purchase the land for her and take the title in her name, and that she had the means and agreed to pay for it. She subsequently did pay for it as the notes given by her husband fell due, being all the while in ignorance that the title was not in her. The money which she furnished her husband was not to pay his debt, but, as she believed, to pay for her land and which in equity was hers in fact. The answer was clearly sufficient.

The facts specially found by the court involve the questions already considered and need not be further noticed. In respect to issues, the affirmative of which it was necessary for the appellant to establish, the special finding is silent. Under the rule which has been frequently declared, it must be presumed that the evidence failed to establish such facts.

The motion for a new trial assigns, among other grounds, that the court erred in admitting certain evidence over the appellant's objection. The testimony thus admitted was to the effect that, on the day Mrs. Colglazier learned that her husband had taken the title to the land in dispute in his own name, she declared that her money paid for it and that she wanted it conveyed to her, and demanded that it should be done. The conveyance was made on the same day, in pursuance of her demand.

This testimony was competent as tending to show the consideration upon which the deed was made, and that it was made in pursuance of the demand of Mrs. Colglazier. It was part of the *res gestœ*, and so connected with the execu-

tion of the deed as to make it competent as part of the trans-
action.    *Doe* v. *Reagan,* 5 Blackf. 217; *Kenney* v. *Phillipy,*
91 Ind. 511.

The judgment is affirmed, with costs.

Filed May 24, 1886.