Conlee v. Wright.

No. 12,604.

## CONLEE v. WRIGHT.

EVIDENCE.—*Weight of.*—*Attorney and Client.*—*Agency.*—*Breach of Trust.*—*Damages.*—*Real Estate.*—*Conveyance.*—Action for breach of trust and consequent damages, it being alleged in the complaint that the plaintiff had employed the defendant, an attorney, to purchase and get possession of a tract of land for him, and that he had acquired title and possession, but refused to convey to the plaintiff, and had conveyed to another person. The only question arises upon the evidence, and as it is conflicting the finding of the trial court will not be disturbed.

From the Harrison Circuit Court.

*G. W. Denbo, W. N. Tracewell* and *R. J. Tracewell,* for appellant.

*N. R. Peckinpaugh* and *H. C. Hays,* for appellee.

NIBLACK, J.—Suit by John A. Conlee against Samuel J. Wright for an alleged breach of trust and consequent damages.

The complaint was in two paragraphs. The first charged that the plaintiff had employed the defendant, who was alleged to be a, practicing lawyer, to purchase in, to acquire the title to, and to get possession of, a tract of land for him ; that the defendant had so purchased in, acquired the title to, and obtained the possession of the land, but had failed and refused, and still failed and refused, to convey the same to the plaintiff. Wherefore the plaintiff demanded that a conveyance of the land should be decreed to him, and that damages should be awarded him for the defendant's detention of said land.

The second paragraph charged, substantially, the same facts, but in addition averred that the defendant had, in violation of his duty as agent and attorney, and of his contract with the plaintiff in the premises, conveyed the land to one Peter Lamb. Wherefore damages only were demanded.

There was a trial by the court, a finding for the defendant,

and, over a motion for a new trial, a judgment in accordance with the finding.

Since this appeal was taken, Samuel J. Wright has died testate, and Mary E. Wright, the executrix of his will, has been substituted as appellee.

No question is made here either upon the form of the action or upon the character of the complaint. It is only claimed that the circuit court erred in overruling the motion for a new trial.

The undisputed facts upon which this case rests may be stated as follows:

On the 4th day of August, 1873, Conlee, the appellant, being the owner of a forty-acre tract of land in Harrison county, mortgaged it to the State to secure a loan of fifty dollars made to him out of the common school fund under the control of the auditor of said county of Harrison. On the 20th day of July, 1878, Conlee bargained and sold the same tract of land to Herman Schmidt and Louisa Schmidt, his wife, for the sum of $400, on a credit of four years, the mortgage given as above to be assumed and paid as a part of the purchase-money, and executed to them a bond for a deed on payment of the purchase-price of the land. On the 1st day of March, 1881, at a sale of said land for delinquent taxes, one Josiah Locke became the purchaser of the same for the sum of $17.66, the amount due thereon, including penalty, interest and costs, and received a proper certificate of his purchase. In February, 1883, Samuel J. Wright, herein above named, at the solicitation of Conlee, purchased this tax certificate of Locke and obtained an assignment thereof to himself. On the 30th day of March, 1883, Wright received a tax deed for the land in pursuance of the certificate and its assignment to him. The Schmidts being insolvent and unable to make good their purchase, and having in the meantime failed to pay the common school fund mortgage, or any part of the purchase-money, as they had agreed to do, the land in question was, on the 18th day of August, 1883, un-

der the direction of the auditor of Harrison county, offered for sale for the payment of the mortgage, and the same was then bid off and sold to Wright for the sum of. $65.05, and the auditor executed a deed to Wright, in pursuance and in confirmation of his purchase. At the September term, 1883, Wright recovered a judgment against the Schmidts for the possession of the land and quieting his title thereto as against them. On the 17th day of March, 1884, Wright sold and conveyed the land to Peter Lamb in consideration of the sum of $155. A short time before this suit was instituted Conlee tendered to Wright $130 in lawful money of the United States, claiming that the sum thus tendered was sufficient to reimburse the latter for all the money expended and services performed concerning the land in controversy.

Conlee testified that previous to February, 1883, Wright had been his attorney, and that when in that month he requested the latter to purchase the certificate of the tax sale, he employed him as an attorney to make the purchase; also, to buy in the land at a contemplated sale on the mortgage and to get possession under a clear title; that Wright was then to hold the land for him until he could obtain money sufficient to redeem it; that upon his repaying Wright all the money he might be required to advance, with interest, and the payment in addition of a reasonable attorney's fee, the latter was to convey the land back to him; that, in brief, Wright's entire connection with the land was as his, Conlee's, attorney and agent, and in his interest.

Wright was also called as a witness, and, as such, denied that he ever had been Conlee's attorney, or that he had acted in that capacity in the proceedings which he took to acquire title to and possession of the land in dispute. He also asserted, in effect, that he consented to purchase the tax certificate, and did so purchase it, merely to oblige Conlee and to afford him further time in which he might redeem the land from the tax sale; that, at the time he purchased the tax certifi-

cate, he did not know that there was a mortgage upon the land; that when a few weeks later he became aware of the existence of the mortgage, he resolved, at his own suggestion, to have the land sold on the mortgage and to buy it in to protect his interest derived from his purchase of the tax title, and that he so informed Conlee at the first opportunity; that in view of all the circumstances, he had promised Conlee to give him an opportunity to repurchase the land, and that he would give him a preference in that respect; that to that end he held the land for several months after his title to it was quieted; that after having awaited Conlee's pleasure in the matter for a reasonable time, and as long as his personal convenience would permit, he sold the land to Peter Lamb as has been above stated.

Some facts and circumstances were brought out by the evidence which corroborate the testimony of Conlee in some material respects and tended very strongly to sustain the theory upon which the suit was prosecuted; but, as has been seen, the evidence was irreconcilably conflicting in some very essential particulars, and, as we are not permitted upon an appeal of this kind to weigh conflicting evidence, we are not at liberty to hold that the finding was not sustained by sufficient evidence.

The fact that Wright used only his own money in purchasing, and obtaining possession of, the land, constituted an element in the cause worthy of consideration at the trial. *Mitchell* v. *Colglazier*, 106 Ind. 464.

The judgment is affirmed, with costs.

Filed Dec. 15, 1886.