Mosteller v. Mosteller.

GEORGE W. MOSTELLER *et al.* v. MARY. A. MOSTELLER.

1. COUNTY—*Allowance of Claim—Evidence.* Where a board of county commissioners has allowed six hun'dred and twenty-five dollars to a claimant, the record thereof in the office of the county clerk is competent evidence tending to show such allowance and the receipt of the same.

2. —————— *Resulting Trust.* Where the husband had a contract with a railroad company for the purchase of land, but had paid the interest on the contract merely, and by arrangement with his wife procured money of her to purchase the same and deed it in her name, but instead took the deed to himself, such conveyance is held in trust for her benefit, and in an action after his death between his other heirs and his widow for the possession of the land, it should be awarded to her.

*Error from Crawford District Court.*

ACTION by *George W. Mosteller* and three others, against *Mary A. Mosteller*, to determine the rights of the several parties to certain land situate in Crawford county, and for a division thereof. Trial at the April term, 1885, and judgment for the defendant. The plaintiffs bring the case to this court. The facts are stated in the opinion.

*John T. Voss*, for plaintiffs in error.

*Wells & Wells*, and *D. B. Van Syckel*, for defendant in error.

Opinion by HOLT, C.: Aaron P. Mosteller died intestate, on the 26th day of November, 1883, holding the legal title to the southwest quarter of section 31, township 29 south, of range 22 east, Crawford county, Kansas. He left his widow, Mary A. Mosteller, and George W. Mosteller, Lewis N. Mosteller, John C. Mosteller, and Jane Gorrell, children by a former wife. This action was brought in the Crawford district court by the children, to determine the rights of the several parties to the land, and for a division thereof. Upon the trial, the court gave one-half of the west half of said quarter-section to the wife, and the other half to the four

children in equal shares. Of this judgment there is no complaint. It gave the whole of the east half of the land to the widow, defendant in this action. Of this part of the judgment the plaintiffs complain.

The record discloses that this land formerly belonged to the Fort Scott, Memphis & Gulf Railroad Co., and that the deceased contracted with the company for its purchase in 1869, but made no payments thereon except the interest that became due upon the contract. In February, 1874, he married the defendant, who was then a widow. There is testimony tending to show that she had some money in her own right in the bank at Erie at the time of her marriage with Mosteller. She obtained that money from Crawford county in this way: Upon the 22d of May, 1873, there was a cyclone in the part of the county where she then lived, which destroyed her house, killed a part of her stock, and greatly injured other personal property. The county board made an allowance of $625 in gross to her for the support of herself and children by a former marriage, and the amount was paid to her and placed in a bank. About the time of her marriage with deceased, it was agreed, as one of the witnesses in her behalf testified, that she should furnish the money to pay for this eighty acres of land in question, to her husband; and that he should deed it in her name. The money was furnished under the agreement, but Mosteller instead of deeding it to his wife, took the deed in his own name, and continued to hold it up to the time of his death.

We are of the opinion that the testimony introduced in the case is amply sufficient to sustain the findings of the court and the judgment upon them for defendant. There is some criticism of a witness, son of defendant, who failed to testify upon the first trial of this cause, who testified at length and very strongly for his mother at the last trial. His failure to testify was pressed before the trial court. Of course his silence at the former trial was a matter to be criticised as unusual, but the jury were the judges of his credibility; moreover, he was corroborated in his statements by other evidence. We are un-

willing to disturb the judgment simply because a witness testified at the trial in which the judgment complained of was rendered, because an important witness, though present, failed to testify at a former trial of the same action.

The only other matter that we notice in the testimony that would call for adverse comment specially is, that the defendant might have known, probably did know, for several years, that the land was deeded to her husband instead of herself, but made no complaint of such matter during his lifetime. The reasons for her silence, however, may be accounted for by the fact that she was living with him as his wife.

The plaintiffs in error complain of the introduction of the records of the county clerk to show the allowance by the county commissioners of this $625 to the widow for the loss of her property. It is unnecessary to consider whether the county board exceeded its authority in making this allowance; the only purpose in introducing these records in testimony was to show that she had $625 in money in her own right in the bank; for this purpose they were competent.

The plaintiffs complain that the original contract made with the railroad company by the deceased, and his improvements upon the land prior to his marriage with defendant, appeared to have been ignored by the court and jury. There is not much force in this objection. He had paid the interest only on this contract, no part of the principal having been paid. There is very little evidence of any improvements, but even though he had made part payment and had made improvements, yet if he had entered into an agreement with defendant to deed the land to her for the money she gave him for that purpose, we see no reason why that contract should not be held valid under the evidence of this case. It may have been the full value of the land at the time the money was paid.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.