JONES *et al.* v. ELKINS, *Appellant.*

Division One, April 20, 1898.*

1. **Married Women**: SEPARATE PROPERTY OF WIFE. The personal estate of the wife which comes to her during coverture by gift or inheritance, remains her separate property and under her sole control, unless, by the express assent of the wife in writing, full authority is given by her to the husband to sell, encumber or otherwise dispose of the same for his own use and benefit.

2. ———: ———: INVESTMENT IN LAND. If the husband invests the wife's statutory separate money in land, without her written assent, and takes the legal title jointly to himself and her, even though with her knowledge and acquiescence, the title is held in trust for her.

3. ———: ———: ———: PURCHASE MONEY: PARTLY THE HUSBAND'S. Where the husband purchases land and pays for it with the separate money of his wife in part, without her written assent authorizing him to do so, and in part with his own money, and takes the legal title jointly to himself and her, the title will be held in trust for her in the same proportion as the amount of her separate money used by him bears to the whole of the purchase money.

*Appeal from Pike Circuit Court.*—HON REUBEN F. ROY, Judge.

AFFIRMED.

*Clark & Dempsey, J. D. Hostetter* and *Robert Shackelford* for appellant.

(1) The admission of C. J. Ray's evidence by the court over respondents' objection was error. *Johnson v. Sullivan*, 23 Mo. 480; *Cross v. Riggins*, 50 Mo. 335. (2) The deed from Henderson to appellant and Eliza J. Elkins, his deceased wife, conveyed to the former the entire estate in the lands described in said deed and

———

*NOTE.—Decided March 8, 1898, and rehearing denied April 20. 1898.

in the petition in this cause; the estate created by such conveyance at the common law not having been modified by statute. R. S. 1889, sec. 8844; *Gibson v. Zimmerman*, 12 Mo. 250; *Garner v. Jones*, 52 Mo. 68; *Shroyer v. Nickell*, 55 Mo. 264; *Hall v. Stephens*, 65 Mo. 670; *Corrigan v. Tiernay*, 109 Mo. 276; *Russell v. Russell*, 122 Mo. 236; *Bains v. Bullock*, 129 Mo. 117. (3) The married woman's act does not affect the estate by entirety in husband and wife recognized and continued under section 8844, Revised Statutes 1889. *Bains v. Bullock, supra; Driver v. Driver*, 56 Pa. St. 106; *Marburg v. Cole*, 49 Md. 402; *Hulett v. Inlow*, 57 Ind. 412; *McCurdy v. Canning*, 64 Pa. St. 39. (4) The contract entered into between appellant and his wife under which the land in suit and lot mentioned were conveyed to both, is valid and binding against the heirs of the wife. *Caldwell v. Bower*, 17 Mo. 564; *Woodson v. Pool*, 19 Mo. 340; *Holloway v. Holloway*, 103 Mo. 274; *Mfg. Co. v. Pratt*, 21 Mo. App. 171; *Tennison v. Tennison*, 46 Mo. 77.

*Tapley & Fitzgerrell, L. L. Scott* and *W. M. Bowker* for respondents.

(1) The testimony of C. J. Ray was admissible. *Aultman v. Daggs*, 50 Mo. App. 280; *Deuser v. Walkup*, 43 Mo. App. 625. Incompetency of witness is not error, unless mentioned as one of the grounds for a new trial. *Pitts v. Sheriff*, 108 Mo. 110. (2) The only way that a husband can acquire the wife's personal property is by her express written assent. R. S. 1889, sec. 6869; *Rodgers v. Bank*, 69 Mo. 560; *Broughton v. Brand*, 94 Mo. 169; *Pitkin v. Mott*, 56 Mo. App. 403; *Seay v. Hesse*, 123 Mo. 450; *McGuire v. Allen*, 108 Mo. 403; *McGregor v. Pollard*, 66 Mo. App. 324. (3) Where a husband uses his wife's money acquired by him with-

out her express written assent in purchase of land, he holds the title he acquires to same as trustee for her and her heirs. *Broughton v. Brand*, 94 Mo. 169; *Bowen v. McKean*, 82 Mo. 594; *Seay v. Hesse*, 123 Mo. 450; *Gilliland v. Gilliland*, 96 Mo. 522. (4) If any part of the wife's money is so used she has a resulting trust in the land so purchased for the amount so used. *Bowen v. McKean*, 82 Mo. 594; *Seay v. Hesse, supra*. (5) If a husband buys land with the wife's money and takes title to same to himself and wife jointly, a court of equity will hold him as trustee for the title he takes for the benefit of the wife and her heirs. *Garner v. Jones*, 52 Mo. 68; *Hardin v. Riddle*, 82 Mo. 31; *Cook v. Brainard*, 86 Am. Dec. 626. (6) Titles to estates created by deed to husband and wife are subject to the same rule governing trusts as other legal titles. *Hoffman v. Nolte*, 127 Mo. 120. (7) The husband's authority to act as agent for wife for her separate statutory personality must be in writing. *McFarland v. Heim*, 127 Mo. 327. (8) The married woman's enabling acts do not enable husband and wife to contract at law, and under them she can not contract with her husband unless possessed of a separate equitable estate. *Shaffer v. Kugler*, 107 Mo. 58; *McCorkle v. Goldsmith*, 60 Mo. App. 475; *Lindsay v. Archibald*, 65 Mo. App. 117.

BRACE, P. J.—On the fifth day of April, 1890, one S. H. Henderson, who was the owner of the real estate described in the petition, by general warranty deed of that date, conveyed the same to the defendant Silas A. Elkins and Eliza J. Elkins, his wife, for the recited consideration of $2,000. The land conveyed is situate in Pike county and contains ninty-nine acres. In March, 1894, the said Eliza J. Elkins died without issue, leaving the plaintiffs, her brother and sisters, her only heirs at law.

Afterward on the sixteenth of July, 1895, this suit was instituted by them against the said Silas in the circuit court of Pike county, charging that said land was paid for by him with the separate moneys of his said wife which she had received by inheritance and gift from her relations, and that the said defendant had taken the title thereto in the joint names of himself and wife without her knowledge and contrary to her wishes, and praying that he be declared a trustee for the plaintiffs of the legal title acquired by said deed and that he be divested thereof and that the same be vested in the plaintiffs.

It appeared from the evidence that only $1,800 in money was paid for the land and that the remaining $200 of the purchase price was allowed as a credit thereon for the use of the farm for one year after the sale by the vendor.   The evidence tended to prove and the court found that of the $1,800 so paid, $1,650 was the money of the wife, the said Eliza J. Elkins, which came to her during the coverture by gift and inheritance, and that the remaining $150. was the money of the husband, the said Silas A. Elkins, and thereupon decreed that the legal title was held by the said Silas as to the undivided eleven twelfths of said land in trust for the use and benefit of the plaintiffs herein, heirs at law of the said Eliza J. as aforesaid, and the remaining undivided one twelfth in his own right in fee simple. From this decree the defendant appeals. By the terms of our statute the personal estate of the wife which comes to her during coverture by gift or inheritance, remains her separate property and under her sole control, unless by the express assent of the wife in writing full authority shall have been given by the wife to the husband to sell, encumber or otherwise dispose of the same for his own use and benefit. R. S. 1889, sec. 6869.   While the evidence tends to

prove that Silas A. Elkins invested his wife's money in this land with her assent, there is no evidence tending to show that authority so to do was given him by his wife in writing as required by the statute. In fact it is conceded that he had no such written authority. In such case it has been uniformly held that when the husband invests the money of his wife, her separate property under the statute, with her knowledge and assent, in land, but without such assent authorizing him so to do being manifested in writing, and he takes the legal title in his own name, he holds such title in trust for the wife and her heirs. *Broughton v. Brand*, 94 Mo. 169; *Seay v. Hesse*, 123 Mo. 450; *Hoffmann v. Hoffmann's Ex'r*, 126 Mo. 486. And this doctrine is in harmony with all the rulings of this court upon this statute. *Rodgers v. Bank*, 69 Mo. 561; *Gilliland v. Gilliland*, 96 Mo. 522; *McGuire v. Allen*, 108 Mo. 403.

It would seem to follow as a necessary sequence that if the husband invests his wife's statutory separate money in land, without her written assent, and takes the legal title jointly to himself and his wife, the title which he takes to himself will be held by him upon the same trust (*Garner v. Jones*, 52 Mo. 68; *Modrell v. Riddle*, 82 Mo. 31); and where he purchases land and pays for it with the separate money of his wife in part, without her written assent authorizing him so to do, and in part with his own money, and takes the legal title jointly to himself and wife, the title which he takes to himself will be held by him upon the same trust *pro tanto* as the amount the separate money of the wife that was used by him in procuring the title bears to the whole of the purchase money. *Bowen v. McKean*, 82 Mo. 594.

The decree of the circuit court is in accordance with these principles plainly deducible from the express terms of the statute itself, beyond which we

need not look for authority to sustain it or bring it in question; hence we deem it unnecessary to notice the numerous cases cited by counsel for appellant, which being outside the statute, are not in point. The fact that a year after this land was purchased, a lot in Middletown, Montgomery county, was also purchased under like circumstances and a deed of like tenor and effect taken therefor, the purchase price for which was paid with $100 of the money of the wife and $450 of the money of the husband and that he afterward expended $500 of his own money in improvements and repairs thereon; in no way alters the complexion of the former transaction, or changes the rights of the parties under it. Another example is simply thereby furnished for the application of the same principles. The error of the court, if any, in admitting the evidence of C. J. Roy is a matter of no importance as his evidence did not affect the merits of the case. The conclusion must have been the same without it, as it was with it; besides in an equity case on review incompetent evidence may be disregarded, and for such error a decree will not be reversed. *Harlan v. Moore*, 132 Mo. 483. Finding no reversible error, the judgment of the circuit court is affirmed. ROBINSON and WILLIAMS, JJ., concur.