RUTH TENNISON, BY NEXT FRIEND, Plaintiff in Error, *v.* ARCHIBALD TENNISON *et al.*, Defendants in Error.

1. *Equity — Husband and wife — Contracts between, when valid.*—A contract between husband and wife will be held good in equity, as a general rule, when it would be valid and binding at law if made with trustees of the wife for her benefit. And in equity, the intervention of trustees is not an indispensable prerequisite to the validity of the contract.

2. *Husband and wife — Equity — Property acquired by husband to be used for benefit of wife — Husband will be treated as trustee.*—Where a husband received funds, not for the purpose of appropriating them to his own use, but expressly and by positive agreement for the benefit of his wife, and to be appropriated to her sole and separate use, and afterward made the contemplated purchase in his own name, equity will treat him as holding the title as trustee for his wife.

*Error to Second District Court.*

*Ewing & Holliday*, and *Perryman & Denning*, for plaintiff in error.

I. There being no bill of exceptions, this court will only notice error apparent on the face of the record proper. (Bateson v. Clarke *et al.*, 37 Mo. 34 ; State, to the use, etc., v. Matson *et al.*, 38 Mo. 490.) Courts of equity, for many purposes,

treat the husband and wife as distinct persons, capable of con-
tracting with each other and of having separate estates, debts,
and interests. (Arundell v. Phipps, 10 Ves. 144–9; Livingston
v. Livingston, 2 Johns. Ch. 539; 2 Sto. Eq., § 1368; Putnam
v. Bicknell, 18 Wis. 333.)

II. The petition states facts sufficient to clothe the husband
with a trust as to the land mentioned in decree of Circuit Court.
(Little v. Maul, 2 Ired. N. C. Eq. 18; 2 Leigh's N. P. 1109;
5 Whart. 138; 2 Kent, 5th ed., 137.) And when the rights of
creditors or *bona fide* purchasers are not in the way, courts of
equity will compel the execution of the trust for the benefit of the
wife. (Walker v. Walker, 25 Mo. 367; 27 Mo. 375; 2 Sto.
Eq., § 1372; Darby v. Darby, 3 Ark. 399; Rich v. Cockell,
9 Ves. 375.)

III. There is a marked difference between the property in pos-
session of the wife at date of marriage and property belonging
to the wife in action. Chancery will restrain the husband from
proceeding in the courts to reconvey such chose until a provi-
sion is made for her out of the property; for such rights in
action are of an equitable nature and property of equitable
cognizance. (2 Kent, 139–41.)

IV. Courts of equity will compel him to carry out his contract
made with the wife, though it be by parol. (2 Sto. Eq., §§ 1372,
1374; 2 Kent, 166; Livingston v. Livingston, 2 Johns. Ch. 537;
Arundell v. Phipps, 10 Ves. 129–45; Bullard v. Briggs, 7 Pick.
533; Garlick v. Strong, 3 Paige, 440.)

V. The equity of the wife attaches where the husband obtains
the possession of the property by fraud. (Spence's Eq. Jur.
488; Colmer v. Colmer, 2 Ark. 98.)

*Relfe & Arnold,* and *Bush & Beale,* for defendants in
error.

I. Plaintiff's petition does not state facts sufficient to consti-
tute a cause of action. It does not show that the $100 in gold
was given for the sole and separate use of plaintiff, but shows it
to have been such a gift that it became the absolute property of
the husband when he reduced it to possession. (2 Kent, 135–41;

Sallee v. Arnold, 32 Mo. 532 ; 2 Blackst. Com. 396–7 ; Mardree v. Mardree, 9 Ired. 295 ; Chase v. Palmer, 25 Maine, 341 ; Woelper's Appeal, 2 Barr, 71.)

II. Plaintiff's husband could not have been a trustee for plaintiff unless she had a separate estate ; and by her petition she shows that she waived her right to have a separate estate. (40 Mo. 61 ; Moss v. McCall, 12 Ala. 630.)

III. Equity will not interpose to divest the husband of his wife's personalty when he is invested with it by law, or when he has reduced it to possession. The wife's equity to a suitable provision for the maintenance of herself and children out of her separate estate does not attach, except upon that part of her personal property in action, which the husband can not acquire without the assistance of a court of equity ; and if the husband acquires possession of the wife's personal property, though it should have been of an equitable nature, chancery will leave him in undisturbed possession of it. (2 Kent, 141 ; Shaw v. Mitchell, Daveis's, 216.)

IV. Courts of equity will never be called into activity to remedy the consequences of laches or neglect. (Creath v. Sims, 5 How. 192 ; Lewis v. Baird, 3 McLean, 56 ; Perry v. Craig, 3 Mo. 360.)

V. The contract by which the money and land warrants were to be invested in lands in plaintiff's name was not published until the husband had disposed of the lands, and is not alleged or proved to have been in writing, acknowledged, or recorded. (R. C. 1855, p. 459, §§ 17, 18 ; 19 Mo. 543 ; 31 Mo. 230.) The court can not set up a verbal contract between the husband and wife to create in the wife any estate or right to the land which a court of equity could recognize. (2 Sto. Eq., § 1379.)

VI. The contract, as set forth in plaintiff's petition, was not sufficient to show that the land in suit was clothed with a trust that the law would enforce against third parties, or that third parties were required to take notice of. (R. C. 1855, p. 459–60, §§ 17–19 ; 31 Mo. 230.)

VII. The petition does not show that any of the funds were given to plaintiff for her sole and separate use, and does not

ask that the land be vested in plaintiff for her sole and separate use.

VIII. If the decree be found to be correct upon the case made, it will be affirmed. If the decree is unsupported by the evidence, it will be reversed and remanded (as was done in this case by the Second District Court), or the bill dismissed. (2 Mo. 126; Labarge v. Channin, id. 145; Baker v. McCarty, 5 Mo. 1; 41 Mo. 574; Rutherford v. Williams, 42 Mo. 37; Knowles v. Mercer, 16 Mo. 455.)

CURRIER, Judge, delivered the opinion of the court.

This is a proceeding in equity to vacate and set aside certain deeds, and for a decree vesting in the plaintiff the title to lands therein described. An unauthenticated draft of a bill of exceptions appears in the record, the judge before whom the cause was tried having refused to sign it because of its alleged unfairness and insufficiency. There is, therefore, nothing but the record proper before this court upon which it can act; and that presents the single question of the sufficiency or insufficiency of the petition to justify the awarding of the relief prayed for, the truth of the facts therein alleged being assumed.

The petition shows in brief that the plaintiff intermarried with the defendant, Archibald Tennison, many years ago, and that they have ever since lived together as husband and wife, and are still so living together in that relation; that the plaintiff, subsequently to such intermarriage, derived from her father and his estate a considerable amount of money and property; that it was mutually arranged and agreed upon between herself and husband that he should take a certain portion of such property as his own absolute estate, the plaintiff waiving her right to a settlement of any portion of it upon herself, and that he did so receive and appropriate to his own use his agreed proportion of said property; that her husband, in consideration thereof, agreed to invest certain other moneys, together with certain land warrants acquired by the plaintiff from her father and his said estate, in lands to the sole and separate use of the plaintiff and in her name; that her husband, in consideration and in pursuance of the premises,

did in fact apply, use, and invest such moneys and land warrants in the purchase and acquisition of the lands described in the petition, taking a deed thereof in his own name; the plaintiff supposing and believing, however, that the lands were conveyed directly to herself for her separate use. The petition further shows that the plaintiff's husband and the other defendants enter'd into a fraudulent combination and conspiracy to cozen and cheat the plaintiff out of her equitable right, title, and interest in said lands; and that her husband, in pursuance of such fraudulent conspiracy, conveyed said lands to the other defendants voluntarily and without consideration, and with a view fraudulently to cut off and defeat the plaintiff's equitable rights, the grantees therein being parties to the alleged fraud. The petition also shows that two of said grantees have purchased and acquired the interest of one of the other grantees, taking such interest, however, with a full knowledge of the alleged fraud.

Such is the substance of the petition, and the question is raised whether the post-nuptial agreement therein stated, and the other connected facts therein alleged, are of a character to warrant the granting of the relief sought.

The theory of the common law that husband and wife, for legal purposes, constituted but one personality, and that they are consequently incompetent to contract with each other, has but a limited and quite restricted application in equity. For many purposes courts of equity treat them as separate and independent persons, and fully recognize their authority and capacity to make valid and binding contracts between themselves, and to have separate and independent estates, rights, interests and liabilities. A contract between husband and wife will be held good in equity, as a general rule, when it would be valid and binding at law if made with the trustees of the wife for her benefit. In equity, the intervention of trustees is not an indispensable prerequisite to the validity of the contract. (2 Sto. Eq. Jur., §§ 1368, 1372–4; Barron v. Barron, 24 Verm. 375; Wallingsford v. Allen, 10 Pet. 583; Kenny v. Kenny, 5 Johns. Ch. 463; Resor. v. Resor, 9 Ind. 347.)

If the contract set out in the petition had been made between

6—VOL. XLVI.

Archibald Tennison acting in his own behalf, and trustees appointed for that purpose acting in behalf of his wife, the validity of the contract would hardly be questioned either in law or equity.

It has been decided in Wisconsin that an absolute conveyance of real or personal property by the husband to the wife, although void at law, will be sustained in equity; and that such conveyance will vest the title to the property in the wife, as against all persons except the husband's creditors; and that it will especially be so held where the transfer was fairly made, and upon a meritorious consideration moving from the wife. (Putnam v. Bicknell, 18 Wis. 333.)

In Indiana it was held in Resor v. Resor, *ubi supra*, that where it was agreed between the husband and wife that the former should invest certain moneys, the property of the wife, in lands for her use and the use of her son, the money received for the purpose stated would be treated in the hands of the husband as had and received to her use; and that if such money was invested in real estate by the husband and in his own name, he would be regarded in equity as trustee for his wife, and as holding the property for her use; and that the agreement between the husband and wife, although verbal, was not within the statute of frauds. Resor obtained the money in that case from the estate of his wife's father; and the material facts shown were quite identical in their character with the facts alleged in the petition in the case at bar.

It is objected, however, in the case at bar, that Tennison, the husband, had reduced the money and property which were employed in the acquisition of the disputed premises, to possession; and it is thence argued that such money and property thereby became his, and that he was consequently at liberty to use and dispose of it as he pleased and without accountability to his wife. The conclusion may be a legitimate one at law, but it is not so in equity, as we have already, perhaps, sufficiently seen. In equity, the mere reception of the property by the husband is not such a reducing of it to possession by him as to defeat the equitable rights of the wife, unless the husband received it solely in

the exercise of his marital rights and for the purpose of appropriating it to his own use. (See the several authorities already cited.)

In the case before us the petition abundantly shows that the husband did not receive the money and warrants for the purpose of appropriating them to his own use, but expressly and by positive agreement for the benefit of his wife, and to be appropriated to her sole and separate use. He made the contemplated purchase in his own name, and equity will treat him as holding the title as trustee for his wife. The other defendants acquiring their interest without consideration, and as the result of a conspiracy to which they were parties to defraud Mrs. Tennison out of her equitable rights, stand in no better position.

The judgment of the District Court will therefore be reversed, and that of the Circuit Court affirmed. The other judges concur.