KIDWELL v. KIRKPATRICK et al., *Appellants.*

1. **Husband and Wife**: WIFE'S PERSONALTY: INVESTED IN LAND IN HUSBAND'S NAME. Land bought by a husband in his own name with his wife's money, but without any agreement that the purchase shall be for her sole and separate use, or that the title shall be taken in her name will not be treated in equity as her property.

2 ——: ——: ——. Money acquired by a married woman during coverture by her own frugality and industry, with the consent of her husband, is her own property, and if it is intrusted by her to him for investment, and is by him invested in land in his own name, the land will be treated in equity as hers. But the rule is otherwise where money so invested came to a married woman during coverture by inheritance. Being a chose in possession, it became the husband's absolute property by reason of his marital right, even though he received it from her in the capacity of her agent.

*Appeal from Oregon Circuit Court.*—HON. J. B. WOODSIDE, Judge.

REVERSED.

*Livingston & Green* for appellants.

*E. A. Seay* and *L. B. Woodside* for respondent.

NORTON, J.—This is a proceeding in equity instituted in the circuit court of Oregon county to divest defendants of title to certain real estate in said county, and invest the same in plaintiff. The petition states that plaintiff is the widow of James F. Kidwell, who died in 1875, leaving defendants as his only heirs; that said Kidwell died seized of the legal title to said lands, but that the equitable title was in plaintiff. The claim of plaintiff to the equitable title is based upon the following allegations of the petition, viz: That during the marriage there came to plaintiff, as an inheritance, large sums of money and property, and that during the coverture, she acquired property and money by her own frugality and industry, and by the consent of her husband; that in order that they, herself and her husband, might acquire title to a home, she was induced to and did voluntarily designate and constitute her husband, James F. Kidwell, her agent to purchase lands, and for that purpose gave into his possession the money and property aforesaid, amounting to $1,000 in value; that said Kidwell purchased the lands aforesaid, with the money and property, but took title in his own name. The petition concludes with a prayer asking that defendants be divested, and that plaintiff be invested with the title to the land in dispute. Defendants filed demurrer to the petition, which was overruled, and declining to answer further, judgment was rendered granting the relief prayed for, and the propriety of this action of the court is the only question in the case.

Whenever it clearly appears that the husband has received money or property belonging to the wife under an agreement to appropriate the same for the sole and separate **1. HUSBAND AND WIFE: wife's personalty: invested in land in husband's name.** use of the wife in the purchase of lands, and he makes the purchase and takes the title to himself, the wife will, in a court of equity, be held to be the equitable owner, and the husband regarded as a trustee holding the land for the benefit of the wife. *Woodford v. Stephens*, 51 Mo. 443; *Tennison v. Tennison*, 46 Mo. 77. The allegations contained in the petition do not bring plaintiff's case within the operation of the above rule. It will be observed that the sum of $1,000 is alleged to have been placed in the hands of the husband with which to acquire title to a home, not for the wife, but for the husband and wife. It fails to aver that it was agreed that the land should be bought for plaintiff, or that the title should be taken in her name.

Besides this, the sum of money alleged to have been given the husband came out of two funds, first out of the **2. ——: ——: ——.** money and property inherited by the wife, and second out of the money and property acquired by the frugality and industry of the wife, by and with the consent of the husband. So much of the said sum of $1,000 as came out of the first fund being a chose in possession became the absolute property of the husband by reason of his marital right. *Woodford v. Stephens*, *supra*, which case overruled the doctrine asserted in *Tennison v. Tennison*, *supra*, that the husband in receiving personal property coming to him by the marriage, is presumed in equity to take it as the separate property of the wife. So much of the said $1,000 as came out of the last or second fund, may be regarded as the property of the wife, concerning the disposition of which she might have constituted her husband as agent. It does not, however, appear how much of said amount was made up either of the first or second fund, nor is there anything in the petition from which even a conjecture can be formed as to that matter.

For the reasons here given the demurrer ought to have been sustained. Judgment reversed and cause remanded, in which all concur.