Helm, J.
This action was brought and determined in the Court below prior to the adoption of our present system of civil procedure. Our consideration thereof must therefore be had under the rules of pleading and practice as they then existed.
There is no doubt but under that practice the generhl rule was, that a defendant in equity could not obtain affirmative *71 relief against the complainant except upon a cross-bill containing the necessary averments. There may be doubt as to whether a defendant might not have obtained such relief against a co-defendant without a cross-bill. But we are not called upon to decide this question, except in connection with the settlement of partnership accounts.
Under the ancient equity practice, where one sued for an accounting, it was necessary to offer in his bill to do equity, by an averment of his willingness to pay any balance that might be found owing from him to the defendant. But such averment has for many years been presumed, and the bill is not defective if the same is omitted therefrom. Columbian Government v. Rothschilds, 1 Sumn., 94.
Where an action is brought in equity for an accounting between partners, certainly the offer of complainant, as well as the willingness of the other partners, to do equity should be presumed, in the absence of special averments to that effect in the pleadings. And the Courts have recognized an exception to the general rule, by giving judgment for a balance found due from complainant to defendant, even though no cross-bill were filed seeking the same; the decree for such balance is said to be granted “upon the plaintiff’s bill.” Raymond v. Came, 45 N. H., 201; Scott v. Pinkerton, 3 Edward’s Ch., 74; Grove v. Fresh, 9 Gill & J., 280; Wells v. Strange, 5 Ga., 22.
And “where a proper case is made out by evidence arising from proceedings and proofs between plaintiffs and defendants, a Court of equity is not only entitled to make a decree between the defendants, but is bound to do so.” Story’s Equity PL, Section 392, a.
Under the foregoing proposition the “case made out,” is by evidence arising from pleadings and proofs between plaintiffs and defendants;'’ a cross-bill between defendants is not included in the pleadings required.
The above rule stated in Story, whether correct as to other cases or not, ought in reason to govern in the accounting between partners; and it has been held so to do.
“In taking an account in a bill filed by one partner against his copartners * * * the decree should settle the partnership concerns between all the individual partners, *72 as if each was a plaintiff in a hill against his copartners. The whole should be adjudicated, not only the claims of the plaintiff against the defendants, but also the claims of the defendants between themselves.” 2 Daniell’s Ch. PI. and Pr., 1249.
In this case defendant in error, Julia P. Thayer, alleged in her answer that there was a balance due her [from her co-defendant Craig, and prayed a decree therefor. We think the relief was properly granted, though she filed no pleading entitled a cross-bill against Craig demanding the same.
Error is assigned to the action of the Court in allowing interest upon the amounts found due from Craig to the defendants in error. Section 2, Chap. 44, Revised Statutes of Colorado, allowed the recovery of interest when there was no agreement therefor, at the rate of ten per cent per annum, “on money withheld by an unreasonable and vexatious delay.” The Court in the decree found that Craig had “unreasonably and vexatiously withheld” from defendants in error the sums of money therein declared to be due them. The statute authorized the allowance of interest under certain circumstances; the Court found those circumstances to exist in this case; and we are not disposed to say that the evidence fails to sustain the finding.
The pleadings and evidence show that defendant in error, Julia P. Thayer, acquired her interest in the partnership property and business by purchase from H. L. Thayer, her husband. It is claimed that this purchase or attempted purchase was void, and passed to her no interest in the partnership property. That under the law as it then existed in Colorado, the husband could not make a valid contract with his wife, and thus transfer to her the title or ownership of property.
Whether the position of counsel be correct, had the question arisen in an action at law, we need not determine. This is an action in equity, and the common law rule was long ago relaxed in Courts of equity. It said that, “Though void at law, an absolute conveyance of real or personal property from the husband directly to his wife is good in equity, and sufficient so far as the form is concerned to divest the husband of such property, and to vest the same in the wife as against all persons save the creditors of the husband, especially when the *73 transfer is fairly made, upon a meritorious or valuable consideration.” Putnam v. Bicknell et als., 18 Wis., 351, and cases there cited; Denning v. Williams, 26 Conn., 225, and cases cited; Tennison v. Tennison et als., 46 Mo., 77; Livingston v. Livingston, 2 Johns. Ch., 537.
G. G. Lymes, for plaintiff in error.
G. B. Reed and E. H. Power, for defendants in error.
No fraud, or want of consideration in connection with said sale to Julia P. Thayer, is alleged or proven, and no creditors of her husband are complaining in this action.
We do not think the statutes of 1861 referred to, abrogate the foregoing doctrine prevailing in equity. The case of Holliday v. Daily, 1 Colo., 460, is an action of ejectment, and would not, if it held for the purposes of that action, as counsel contend, in any way conclude us in deciding the question under consideration.
There were three different transfers of partnership interests at as many different times; but after each transfer the business continued precisely as before; no objection or protest was made by plaintiff in error, or by any other person; the mill was operated, lumber was sawed and marketed, and the business carried on with his knowledge and consent, as though no such transfers had been made; plaintiff in error received from the business, according to the decree, upwards of $5,500 more than his share of the proceeds belonging to the firm. This conduct implies consent on his part to the creation of a new partnership or continuance of the old one under the old name, after each transfer; it amounts to a ratification by him of all the acts done in the transaction of the business during the various changes in the partnership above mentioned. He cannot be heard in a Court of equity to deny his liability to defendants in error on the ground that no partnership existed between them and himself.
The judgment of the District Court must be affirmed.

Affirmed.

[Mr. Justice Stone, having been of counsel, did not sit in this case.]