Bartlett v. Umfried.

BARTLETT, *Appellant,* v. UMFRIED *et al.*

Husband and Wife : SEPARATE PROPERTY OF WIFE : DEED TO WIFE :
FRAUD. The earnings of a married woman made with the consent
of her husband are her property, as are, also, money given her by
her father during coverture, and money arising from the sale of
the products of land bought with her money, and a deed
to her to land bought with such means, paid by the husband, he
being her debtor, will not be set aside upon the ground of fraud.

*Appeal from Benton Circuit Court.* — HON. J. B.
GANTT, Judge.

AFFIRMED.

*M. A. Fyke* and *P. D. Hastain* for appellant.

(1)  The court erred in excluding the evidence of
Schenework as to statements made by defendant, E.
Umfried.  *Fisher v. Lewis,* 69 Mo. 629 ; *Holmes v.*

*Braidwood*, 82 Mo. 610. (2) The court erred in excluding the letters written by defendant, A. Behrens. *Burgert v. Borchert*, 59 Mo. 80; *Darrett v. Donnelly*, 38 Mo. 482; *State v. Schnider*, 35 Mo. 533; *Morey v. Staley*, 54 Mo. 419. (3) Under the evidence in the case the decree should have been for plaintiff. *Alt v. Bank*, 9 Mo. App. 91. (4) The court erred in overruling plaintiff's motion for a new trial.

*E. J. Smith* and *J. H. Lay* for respondents.

(1) The three hundred and eighty dollars, proceeds of the wife's labor, etc., was her money, and could not be taken for the husband's debts. *Coughlin v. Ryan*, 43 Mo. 99; *Kidwell v. Kirkpatrick*, 70 Mo. 214; *Wood v. Broadley*, 76 Mo. 23; *State ex rel. v. Gregory*, 14 Mo. App. 582; 2 Story's Equity, secs. 1375 and 1387. The six hundred dollars, furnished by her father, was the wife's. R. S., sec. 3296. The rent of the land was hers. R. S., sec. 3295. No error was committed in excluding the testimony of Schenework. The letters of Behrens were also properly excluded. By examining him as to them, plaintiff got the same advantage as if they had been admitted. *Hambright v. Brockman*, 59 Mo. 52; *Bank v. Russell*, 50 Mo. 531; *Weinrich v. Porter*, 47 Mo. 293. (2) Should the court have granted a new trial to give plaintiff an opportunity to contradict her own witness by his books? We say no. *Bragg v. Moberly*, 17 Mo App. 221; *Jacob v. McLean*, 24 Mo. 40; *Griffin v. Veil*, 56 Mo. 310; R. S., sec. 3704.

NORTON, C. J.—It appears from the record in the case that, on the twenty-third of July, 1881, defendant, Emil Umfried, killed Walter Bartlett, plaintiff's husband, and that plaintiff commenced suit against said Umfried to recover five thousand dollars damages for the killing of said Bartlett; that summons was served on the twenty-ninth of September, 1881, and in Feb-

ruary, 1883, she recovered judgment for five thousand dollars, upon which execution was issued and returned unsatisfied.

This suit was begun by plaintiff on the nineteenth of April, 1884, for the purpose of having the court declare a certain deed fraudulent and void from defendant, Behrens, to defendant, Augusta Umfried, dated the fourth of March, 1882, conveying to her certain lands in Benton county, and to subject said lands to sale for the payment of her judgment. It is charged in the petition that, in February, 1882, defendant, E. Umfried, purchased the property of one J. M. Cook, and for the purpose of cheating and delaying plaintiff in the collection of her demand, for which suit was pending, confederated with defendant, Behrens, and caused said Cook to convey said property to said Behrens, the consideration for which, it is alleged, was paid by said Behrens. It is also averred that said Behrens, in furtherance of the fraudulent purpose of said E. Umfried, on the fourth of March, 1882, conveyed by deed the said property to Augusta Umfried, the wife of defendant; that this deed was voluntary, and made by said Behrens, and accepted by said A. Umfried, for the purpose of cheating and defrauding plaintiff.

The answer is a denial of all combination or fraud in the execution of the deeds referred to in the petition. On the trial judgment was rendered for the defendants, from which the plaintiff has appealed, and insists that, under the evidence, the judgment should have been for plaintiff. Behrens, who was introduced as a witness, testified that, in 1868, he formed a partnership with Emil Umfried in the mercantile business. They did business in the town of Lincoln, Benton county, which continued till about the thirtieth of July, 1881, when said Behrens, as he states, believing that it would be injurious to the business, in consequence of the difficulty resulting in the death of Bartlett, for said Umfried to remain in said firm as a partner, bought Umfried out, giving him for

his interest his note for four thousand dollars, which he subsequently paid, and also conveying to him, by quit-claim deed, his interest in the homestead in which said Umfried lived. Behrens had no family, but lived in the house with the family of Umfried, under an arrangement that he was to furnish one-third of the supplies, and that it was understood that Mrs. Umfried might keep boarders and transient customers, and the money she made in this way was to belong to her. He also testified that, after buying out Umfried, he opened up a correspondence with his brother in Philadelphia to induce him to come out and buy an interest in his business and also the homestead of Umfried to live in ; that, with a view of consummating this arrangement, he bought the homestead of said Umfried in February, 1882, for one thousand dollars ; that, while said negotiations were going on, he and Umfried were negotiating to buy the property in question from Cook for a house for his family.

. The evidence shows that Umfried applied to Cook to buy the land involved in this suit in February, 1882 ; that it was encumbered by a deed of trust to secure the payment of seven hundred and fifty dollars, and that Cook agreed to sell for two hundred and fifty dollars, the purchaser assuming the payment of the seven hundred and fifty dollars for which it was encumbered ; that Umfried paid twenty-five dollars, for which he took a receipt, and in it obligated Cook to make a deed to Behrens on the payment of the remaining two hundred and twenty-five dollars, which, in a short time afterwards, was paid to Cook by Umfried, who thereupon made a deed to said Behrens, dated February 22, 1882, who thereafter, on the fourth of March, 1882, made a deed to Mrs. Umfried. The money paid to Cook by Umfried was given to him by Behrens, to be applied as it was, and Behrens testified that the firm had three hundred dollars of Mrs. Umfried's, as her earnings in keeping boarders and transient customers, and that the two hun-

dred and fifty dollars given by him to Umfried to pay to Cook was her money. He also testified that the seven hundred and fifty dollars of encumbrance on the land was paid with her money and the products of the farm, and that no part, either of the four thousand dollars paid to Umfried or the one thousand dollars consideration paid for the homestead, was paid for the land in controversy.

It is also shown, by satisfactory evidence, that Mrs. Umfried received from her father, in June, 1882, six hundred dollars, which was put to her credit in a bank at Warsaw, which she authorized the proper officer of the bank to be drawn in her name by her husband; that a part of this money went to pay off the incumbrances, and a part was expended in improving the property, and that, in addition to this, she gave to Behrens a deed of trust on the land to secure him for five hundred dollars, money advanced by him to her to improve the place. She testified that she did not get all of this amount, and that, so far as she knew, no part of her husband's money went either to purchase the land or improve it.

According to the evidence of Behrens, plaintiff's witness, and the evidence of Umfried and his wife, not a dollar of Umfried's money was paid for the land sought by this proceeding to be subjected to the payment of plaintiff's judgment. If, in fact, Mrs. Umfried's money paid for the land and improvement, it matters not that Umfried, in 1884, offered to sell it to witness, Schenework, claiming it to be his, although it was in the name of his wife, and stating that he could not hold anything in his name, but that the farm was his wife's. Neither could her rights be affected by anything said in the correspondence (which the court excluded) between Behrens and his brother, even though it might be sufficient to excite a suspicion of fraud on the part of Umfried in selling his interest in the partnership property to Behrens.

The St. Joe Terminal Ry. Co. v. The H. & St. J. Ry. Co.

The money saved by Mrs. Umfried in keeping boarders, washing and mending for them, with the consent of her husband, was her property (*Kidwell v. Kirkpatrick*, 70 Mo. 214 ; *Coughlin v. Ryan*, 43 Mo. 99), and the six hundred dollars furnished her by her father in 1882, as well as the proceeds of the land bought with her money, under sections 3295-6, Revised Statutes, cannot be claimed to be the property of her husband.

The newly-discovered evidence of G. T. Davis, set up in the motion for a new trial, to the effect that he was in the employ of the firm as a clerk in July and August, 1881, and had access to the books, and that he never saw any account thereon to the credit of Mrs. Umfried, nor any credit in her favor, did not afford sufficient ground for granting the request made. The trial was before the court, no order was requested requiring the production of the books, and no reason shown why they could not have been produced ; the evidence as to the credit was received from plaintiff's own witness without objection ; the case was submitted without their production, and the importance of making the proof as to their contents seemed never to suggest itself till after the rendition of the judgment.

On the whole record we think the judgment was for the right party, and it is hereby affirmed. All concur, except Ray, J., absent.