Morris v. Clare.

MORRIS et al., Appellants, v. CLARE.

Division One, January 28, 1896.

1. **Land**: RESULTING TRUST. A resulting trust arises from payment of price by one person and the taking of title to land in the name of another; but not where the intention of the parties is clear to the contrary.

2. ———: ———: DEED. A deed by R. W. and wife to J. M. recited a consideration of $1,050, "$500 of said sum the said parties of the first part give to their daughter," C. M., wife of the said J. M.; held, that such recital did not raise a resulting trust in the land in favor of C. M.

3. ———: ———: APPELLATE JURISDICTION. A suit to impress a resulting trust upon land is, in effect, to establish by judgment an equitable title to the land or to some interest therein. As such it involves title to real estate and comes within the appellate jurisdiction of the supreme court.

*Appeal from Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Charles Martin* for appellants.

(1) The principal question for consideration in this case, is whether the gift of $500 to Clarinda Morris by her father, Richard Wommack, as a part of the consideration in the purchase of the land by James Morris, created a resulting trust in the land purchased in favor of Clarinda Morris. The consideration expressed in the deed is $1,050, and *prima facie* this is what Richard Wommack and James Morris agreed was the value of the land. *Henderson v. Henderson,* 13 Mo. 151. Of this consideration James Morris paid $550 and Clarinda Morris, by the gift from her father, paid $500. So that if a trust was created in her favor it would be upon the land, in the proportion that the gift of $500 bears to the whole consideration $1,050 or ten twenty-first parts. *Bowen v. McKean,* 82 Mo. 594; *Shaw v. Shaw,* 86 Mo. 594. (2) The gift of $500, by Richard Wommack to his daughter, Clarinda Morris, was a gift to her and not to James Morris. (3) It is not essential to the creation of a resulting trust that the consideration for the purchase of the land should come directly from the *cestui que trust.* It may come from another as a gift or loan to the *cestui que trust. Kelley v. Johnson,* 28 Mo. 249; *Seimon v. Schuck,* 29 N. Y. 598. (4) A resulting trust does not depend upon contract or arise from agreement—but is raised by operation of law, when an estate is purchased in the name of one and the consideration came from another. *Champlin v. Champlin,* 29 Am. St. Rep. 323; *Reynolds v. Summer,* 9 Am. St. Rep. 523. (5) The controlling question in the consideration of resulting trust, is the ownership of the purchase money. If such ownership be established the resulting trust springs into being by implication of law, and follows the ownership of the money. *Shaw v. Shaw,* 86 Mo. 594;

*Bick v. Graybill*, 28 Pa. St. 66. (6) A resulting trust arises by operation of law when land is purchased in the name of one, and the consideration came from another, or for the benefit of another, in favor of such person furnishing the consideration, or for whose benefit it was furnished. 1 Perry, Trusts and Trustees, sec. 126; *Thompson v. Reno*, 12 Mo. 151; *Paul v. Chouteau*, 14 Mo. 580; *Baumgartner v. Guessfeld*, 38 Mo. 36; *Kelley v. Johnson*, 28 Mo. 249; *Miller v. Davis*, 50 Mo. 572; *Bowen v. McKean*, 82 Mo. 594; *Shaw v. Shaw*, 86 Mo. 594. (7) The defendant, Clare, has no better title to the land than James Morris had. The deed to James Morris constitutes a link in his chain of title. This deed bears upon its face the notice of the gift of $500 of the consideration to Clarinda Morris by Richard Wommack, and the defendant is charged with notice of everything contained in the deeds which lies in, and constitutes the chain of title under which he holds. *Orick v. Durham*, 79 Mo. 178; *Tydings v. Pitcher*, 83 Mo. 379; *Patterson v. Booth*, 103 Mo. 402-414.

*Norton & Avery* for respondents.

A resulting trust arises by implication of law, and trusts of this description are either implied or presumed from the supposed intention of the parties and the nature of the transaction. If they are raised independently of any such intention and forced on the conscience of the trustee by equitable construction and the operation of the law, they are "constructive trusts." Hill on Trustees [4 Am. Ed.], p. 147. See, also, *Richardson v. Seevers*, 4 S. E. Rep. (Va.) 712.

BARCLAY, J.—This is a suit to have a resulting trust declared in certain land in Lincoln county, and

to obtain on that account a judgment for an interest in the land.

The facts are agreed upon.

Plaintiffs are the only children and heirs of Clarinda Morris, in whose favor the trust is claimed by virtue of the terms of a deed by Richard Wommack, owner of the property in 1868. Clarinda was his daughter. James Morris, her husband, was grantee in the deed.

The language of that instrument, calling for construction in this case, we have indicated by italics in the following passage:

"This deed, made and entered into this third day of June, eighteen hundred and sixty-eight, by and between Richard Wommack and Elizabeth Wommack, his wife, of the county of Lincoln and State of Missouri, parties of the first part, and James Morris, of the county and State aforesaid, party of the second part, witnesseth: That the said parties of the first part, for and in consideration of the sum of one thousand and fifty dollars, *five hundred of said sum the said parties of the first part give to their daughter, Clarinda Morris, wife of the said James Morris,* and the other five hundred and fifty dollars to them in hand paid, the receipt of which is hereby acknowledged, have granted, bargained and sold and by these presents do grant, bargain and sell unto the said James Morris, his heirs and assigns, the following described lot or parcel of land situate in the county of Lincoln and State of Missouri, to wit:" Then follows a description of the land, with the other parts of a formal and regular conveyance.

The deed of Mr. Wommack to James Morris was recorded in January, 1869. Clarinda died in May of that year.

In March, 1874, James Morris and his then wife

Eliza conveyed the land to Mr. Wommack and others to secure payment of a loan. Under that mortgage the land was duly sold in foreclosure proceedings in the circuit court of the county, in 1877. Mr. Wommack became the purchaser. He afterwards conveyed the land in the same year to defendant by warranty deed.

James Morris died in 1891. This suit was brought in 1892.

Some other facts are mentioned in the agreed case as tending to strengthen the defendant's title; but they need not be recited.

No question of limitation is raised.

The result turns on a decision of the question whether or not the language of the first deed, above quoted, created a trust in favor of Clarinda Morris. Plaintiffs, her children, assert that it did, and that in consequence they are entitled to a decree for ten twenty-firsts of the land.

Plaintiffs do not claim that an express trust was created by the deed quoted. But they contend that a resulting trust in favor of plaintiffs' mother arose in the circumstances which the deed describes.

The learned trial judge decided in favor of the defendant, and plaintiffs appealed in the usual way.

1. A resulting trust arising from the payment of price by one person and the taking of title in the name of another finds its sanction in the theory, which courts of equity adopt, that such a trust probably expresses the intention of the parties to the transaction. But equity neither creates nor enforces such a trust contrary to the ascertained intent of parties capable of acting for themselves.

The real question at bar is what did the contracting parties mean and intend by the terms of the deed under construction.

On this point Judge HUGHES, who tried the cause,

has furnished so clear and satisfactory an answer to plaintiffs' contention, in an opinion which he is reported to have rendered on the circuit, that we approve and adopt his remarks as follows:

"It will be observed that Wommack does not in the deed give to Clarinda Morris any interest in the land, but simply a part of the consideration due from Morris to Wommack on account of the sale to Morris *alone*. This construction is in perfect harmony with the whole instrument—any other construction does violence to it. For, as gathered from the deed, Morris wants the whole title in himself and agrees to give Wommack $1,050 for such title—not a title to himself and a half dozen others—and for such title he is to pay the above sum, and this sum Wommack can do with as he pleases, and he does please to receive a part of the consideration himself and give the other part to a third person. Now, suppose in the gift clause of the deed the name John Smith had occurred instead of Clarinda Morris. It would have been startling to Morris to have learned that the conveyance was to him and John Smith in almost equal parts, instead of to him alone. But, if the gift clause had been so worded, what were the rights and obligations of the parties? Morris, in consideration of the land conveyed to him, should pay Wommack the price, $1,050, or whomsoever Wommack designated. He does pay Wommack $550 and Wommack gives the balance owing by him to Smith, and when he pays Smith the balance, $500, the transaction is done and ended. * * * That Morris' wife was the donee of a part of the consideration, doesn't alter the principle."

Little need be added to the observations of Judge Hughes.

We think it can be gathered from the deed that the grantors probably intended to forego or forgive the

payment by the grantee of a specified part of the purchase price, treating that part as a gift to their daughter, in view of the relationship existing between the parties; but we have no doubt that all parties to the deed intended the full title, legal and beneficial, to vest in the grantee.

No evidence of any trust was offered other than the deed itself, and such inferences as it is supposed to carry.

2.   It is scarcely necessary to say, for it is plainly implied by our rulings, that we regard the case at bar as involving title to real estate, and hence as within the constitutional jurisdiction of this court.   Const. 1875, Art. 6, sec. 12.

The object sought in a suit to obtain a judicial declaration of a resulting trust in land is to establish by judgment an equitable title to the land itself, or to some part thereof or interest therein.   A final judgment declaring such a trust becomes a muniment of title, and an action to obtain it comes within the final reviewing authority of the supreme court, according to the views expressed in the precedents on that subject, of which we mention but a few.   *Baier v. Berberich* (1883) 77 Mo. 413; *Nearen v. Bakewell* (1890) 40 Mo. App. 625, and (1892) 110 Mo. 645 (19 S. W. Rep. 988); *Lehmann v. Rothbarth* (1884) 111 Ill. 185.

The judgment is affirmed.   BRACE, C. J., and MACFARLANE and ROBINSON, JJ., concur.