McGREGOR-NOE HARDWARE COMPANY, *Appellant*, v. HORN *et al.*

146  129|
150  624
146  129|
e173  ²115|

Division One, November 15, 1898.

1. **Appeals**: TO WHAT COURT: TITLE. If the purpose and effect of an action is to change defendant's apparent fee simple title into an equitable fee in trust for plaintiff, title to real estate is involved within the meaning of the Constitution, and the appeal is to the Supreme Court.

2. **Resulting Trust**: TITLE IN WIFE. Land partly paid for with the husband's money, and conveyed to the wife, is held by her in trust for his benefit, in the proportion that the amount he paid bears to the entire consideration.

3. **Resulting Trust**: TITLE IN WIFE: IN TRUST FOR HUSBAND: WIFE'S SEPARATE PROPERTY: SALE. The evidence showed that the consideration for a house and lot was $150 paid by the husband, and $750 worth of hotel furniture, the deed being made to his wife. The husband was engaged in merchandising, and the wife in keeping a hotel in her own name with his consent. The two businesses were kept separate, and the furniture was purchased with the means of the wife, and was always regarded by her and her husband as her separate property. *Held* that, in the absence of fraud, the furniture was in equity her separate property. *Held*, also, that she took the title in the house and lot in trust for her husband to the extent that he paid for it (three-eighteenths), and that the whole should be sold, and his share of the proceeds subjected to the payment of debts contracted before the conveyance was made to the wife.

*Transferred from St. Louis Court of Appeals.*

REVERSED AND REMANDED (*with directions*).

*G. M. Sebree* for appellant.

(1) An insolvent debtor can not make a voluntary conveyance of his property so as to defeat the

claims of his creditors. *Stivers v. Horn*, 62 Mo. 473; *Bohannon v. Combs*, 79 Mo. 305; *Garrett v. Wagner*, 125 Mo. 450. If it was conceded that Mrs. Horn contributed part of the purchase money towards paying for this property, yet Mr. Horn also contributed the sum of $250 of his own means and the plaintiff is entitled to have this interest subjected to the payment of its debt. (2) Every conveyance of land made with intent to hinder, delay or defraud creditors of their lawful demands shall, as against such creditors, be void. R. S. 1889, sec. 5170. (3) Where the wife mingles funds conveyed to her in fraud of creditors with her own, there can be no separation of the property when she is a party to the fraud and ratifies the conveyance. *Alt v. Bank*, 9 Mo. App. 92; *Lionberger v. Baker*, 88 Mo. 447. (4) If land is conveyed by an insolvent without consideration and the grantee changes it for other land, the latter becomes liable to the demands of the creditors of the original grantor. *Sloan v. Torry*, 78 Mo. 623.

*F. M. Mansfield, L. F. Parker* and *Pope & Belch* for respondents.

(1) Under the married woman's act of 1875 of this State, the separate property of a married woman, both real and personal, is declared exempt from liability for the husband's debts. R. S. 1889, secs. 6868 and 6869. This act goes further than simply to create a separate estate in the wife in her personal property, but describes the manner of disposing of that property to her said husband before the same could be reduced to his possession, occupancy and use or become subject to his individual obligations; therefore, it being exempt from execution by his creditors, they can not complain as to a conveyance being fraudulent, in

order to subject it to their debts.  69 Mo. 560; 80 Mo.
130; 94 Mo. 174; 104 Mo. 335; 108 Mo. 408; 92 Mo.
176.  (2)  A separate fund belonging to the wife as
her separate estate, and when used in the purchase of
land by her husband, belongs to her whether the deed
was taken in her name or his.  88 Mo. 229; 68 Mo.
339; 94 Mo. 169; 11 Mo. 333; 101 Mo. 229.

BRACE, P. J.—On the fifth day of July, 1892,
James J. Prophet and wife, by general warranty deed
of that date, duly executed, acknowledged and re-
corded, conveyed to the defendant, Malissa J. Horn,
wife of the defendant Thomas B. Horn, a lot of ground
described in the petition, situate in the town of Moun-
tain Grove, in Wright county, Missouri.

On the twenty-second day of October, 1889, the
defendant, Thomas B. Horn, became indebted to the
plaintiff in the sum of $170.79 on his promissory note
of that date payable one day after date with ten per
cent interest.  Afterwards, on the tenth day of July,
1890, the plaintiff obtained judgment against Thomas B.
Horn for such indebtedness in the sum of $243.45,
and costs, before a justice of the peace in said county,
execution upon which was issued on the twenty-sixth
of July, 1893, and a transcript thereof duly filed and
recorded in the office of the clerk of the circuit court
for said county, on the ninth day of August, 1893, and
thereafter on the twenty-sixth day of December, 1893,
the execution on said judgment was returned *nulla
bona*.  Afterwards, on the fourth day of March, 1895,
this suit was instituted, plaintiff averring in the peti-
tion, in substance, that the said Thomas B. Horn pur-
chased said real estate of the said Prophet and paid
for the same with his own means, but, with the fraud-
ulent intent of hindering and delaying the plaintiff in
the collection of its said debt, had the same deeded to

his wife, the said Malissa Horn; that the said Thomas B. Horn is insolvent and has no other property, real or personal, subject to execution, and prays, that the said Malissa may be declared a trustee of the title of said real estate for its benefit and that the same be subjected to the payment of its debt. Issue was joined on these allegations by general denial of each of the defendants; the defendant Malissa in addition affirmatively alleging that she purchased said property in her own right and paid for the same with her own separate means. The issues were found for the defendants in the circuit court, and from the judgment rendered in their favor, the plaintiff appealed to the St. Louis Court of Appeals, by which court the cause was transferred to this court on the ground that title to real estate is involved, under the ruling of this court in *Patton v. Bragg*, 113 Mo. 595, and *Miller v. Leeper*, 120 Mo. 466. Afterwards, and before the case was submitted here, a motion to remand the cause was overruled. In connection with that ruling it may be as well to say here that, while the question of jurisdiction was not discussed in those cases, as the purpose and effect of this proceeding is to impeach the title of the defendant Malissa to the real estate in question, and change her apparent fee simple absolute into an equitable fee in trust for the plaintiff, title to real estate is involved in the action within the meaning of the constitutional provision. *Morris v. Clare*, 132 Mo. 232, and the case was properly certified here for determination.

Upon the facts stated in the petition the plaintiff is entitled to the relief sought (*Zoll v. Soper*, 75 Mo. 460; *Lionberger v. Baker*, 88 Mo. 447), and the only question before us for determination is whether the facts proven sustain those allegations.

It appears from the evidence that on the thirteenth

of May, 1889, R. M. Simmons and wife by warranty deed of that date conveyed a lot in the city of Springfield to the said Thomas B. Horn for the expressed consideration of $2,000.  The evidence tended to prove that the actual consideration paid for this property was $1,500, seven hundred and fifty dollars of which was paid in money and notes by Thomas B. Horn, and seven hundred and fifty dollars in hotel furniture. This deed was duly acknowledged and filed for record on the thirty-first of May, 1889, and on the same day the said Horn and wife by warranty deed of that date duly executed, acknowledged and recorded, conveyed the said Springfield lot to C. R. Hughes for the expressed consideration of $2,000, subject to a deed of trust for $600, filed for record the same day.  In fact, no consideration whatever was paid for this conveyance.  Hughes is a brother-in-law of Mrs. Horn, and testifies that he paid nothing for the conveyance, that about that time her husband was in failing circumstances, unable to pay his debts and that his (Hughes') understanding was that the property was conveyed to him to protect it from Horn's creditors.  Afterward on the first day of November, 1892, Hughes and wife by warranty deed of that date duly executed, acknowledged and recorded conveyed the said Springfield lot to the said James J. Prophet for the expressed consideration of $2,000, subject to the incumbrances aforesaid.  Hughes in fact received no consideration for this deed.  It was executed at the request of Horn and wife, the actual consideration therefor being the conveyance first aforesaid made by the said Prophet and wife of the Mountain Grove lot to the defendant, Malissa J. Horn.  The evidence tends to prove that the $600 raised by the mortgages on the Springfield lot, was received by Thomas B. Horn.  He testifies that he applied this money to the payment of his debts.

Simmons testifies that the $500 in cash which he received on the Springfield lot, came out of this fund. However that may be, it is evident that the actual consideration paid for the Mountain Grove lot in controversy was $900, being the amount actually paid Simmons for the Springfield lot, less the amount of the mortgages, and that of this amount $750 was the value of the hotel furniture as aforesaid, and $150 was of the money and notes confessedly the property of Thomas B. Horn. The evidence tends to prove that in the year 1889 and for many years prior thereto, the said Thomas B. Horn had been engaged in the mercantile business, and his wife the said Malissa in the boarding house and hotel business in her own name with his consent; that the business of the two concerns was kept separate, and that the furniture in question was purchased with the means of Mrs. Horn, earned by her in her said business, and was always regarded and treated by her and her husband as her separate property. Such being the case, the same will in the absence of fraud be so regarded and treated in equity (*Coughlin v. Ryan*, 43 Mo. 99; *Tuttle v. Hoag*, 46 Mo. 38; *Welch v. Welch*, 63 Mo. 57; *Bartlett v. Umfried*, 94 Mo. 530); and the property in question having been purchased with $750 of the separate estate of Mrs. Horn and with $150 of the means of Mr. Horn, and the deed taken in her own name, upon well settled principles of equity she took that title in trust for her husband to the extent that he in fact paid for it; *Payne v. Twyman*, 68 Mo. 339; *Broughton v. Brand*, 94 Mo. 169; *Jones v. Elkins*, 143 Mo. 647; *Richardson v. Champion*, 143 Mo. 538, and it follows that she holds the legal title to three-eighteenths of the property in question in trust for her husband, which interest ought to be subjected to the plaintiff's debt. And that it may be so subjected by an appropriate decree the judgment of the circuit court is

reversed and the cause remanded with directions to enter a decree declaring such trust as to the undivided three-eighteenths of said real estate, and directing a sale thereof, and the appropriation of the proceeds of the sale of such interest to the payment of plaintiff's judgment.    All concur.