BROUGHTON *et al.* v. BRAND, *Appellant.*

**Husband and Wife** : PERSONAL PROPERTY OF WIFE : STATUTE. A husband who invested in land money received by his wife during coverture as a gift from her father, and took the title in his own name, with her knowledge and consent, though not in writing, as required by the statute (R. S., sec. 3296), does not hold the legal title, but is only a trustee for the benefit of the wife.

*Appeal from Audrain Circuit Court.*—HON. ELIJAH ROBINSON, Judge.

AFFIRMED.

| 94 | 169 |
|---|---|
| 98 | 308 |
| 94 | 169 |
| 40a | 146 |
| 94 | 169 |
| 104 | 335 |
| 94 | 169 |
| 108 | 409 |
| 94 | 169 |
| 115 | 204 |
| 94 | 169 |
| 56a | 509 |
| 94 | 169 |
| 122 | 598 |
| 123 | 456 |
| 123 | 461 |
| 94 | 169 |
| 66a | 328 |
| 94 | 169 |
| 143 | 220 |
| 143 | 651 |
| 94 | 169 |
| 146 | 134 |
| 151 | 66 |
| 151 | 427 |
| 94 | 169 |
| 81a | 15 |
| 94 | 169 |
| 165 | 447 |
| 94 | 169 |
| L176 | 124 |

*A. H. Waller* for appellant.

(1) The weight of evidence is that the gift was to appellant. (2) The court erred in permitting respondent, B. B. Broughton, to testify that he intended the one thousand dollars for his daughter, Lulu. 3 Wait's Actions & Defenses, sec. 8, p. 496 ; *Betts v. Francis*, 1 Vroom (N. J. L.) 152 ; *McKane v. Bonne*, 1 Baily (S. C.) 113. (3) Where the wife consents that her separate property may be invested for the benefit of her husband, this amounts to a gift. Wells on Separate Property of Married Women, sec. 390, p. 388 ; *Cruger v. Cruger*, 5 Barb. 270 ; *Edelen v. Edelen*, 11 Md. 415. (4) Where the husband invests the wife's money in real estate without her knowledge or consent, a resulting trust is raised in her favor. But unless paid for without her consent and in violation of some trust, there can be no resulting trust in her favor, notwithstanding the use of her money in the purchase. Wells on Separate Property of Married Women, secs. 212–217, pp. 257–259 ; 1 Perry on Trusts [3 Ed.] sec. 139, p. 157 ; *Lux v. Hoff*, 47 Ill. 425 ; *Dayton v. Fisher*, 34 Ind. 356 ; *Sanford v. Weeden*, 2 Heisk. 74. By section 3296, Revised Statutes, 1879, a married woman's personal property is declared to be her separate property, and her husband's marital right therein is so abridged that he cannot reduce the same to his possession except upon the wife's written consent. Her personal estate thus becoming a separate estate, she is at once clothed with the power of disposition, and the right to deal with the same as if she was a *femme sole*. Kelly on Contracts Married Women, 227 ; *Whitesides v. Cannon*, 23 Mo. 457.

*Ben. T. Hardin* for respondents.

(1) This case was tried by the court. He was the sole judge of the weight of evidence, and "every

presumption will be made in favor of the correctness of the ruling of the lower court." *Welsh v. St. Louis*, 73 Mo. 73 ; *Anderson v. Shockley*, 82 Mo. 255 ; *Stewart v. Small*, 5 Mo. 525 ; *Vaughn v. Montgomery*, 5 Mo. 529 ; *Small v. Hempstead*, 7 Mo. 373 ; *Riney v. Vanlandingham*, 9 Mo. 817 ; *State v. Dorman*, 11 Mo. 363 ; *Walter v. Cathcart*, 18 Mo. 256 ; *State v. Vaughn*, 26 Mo. 29 ; *State v. Rogers*, 36 Mo. 138. And this court will defer much to the judgment of the court below. *Springer v. Kleinsorge*, 83 Mo. 159 ; *Royle v. Jones*, 78 Mo. 403 ; *Chapman v. McIlwrath*, 77 Mo. 43 ; *Chouteau v. Allen*, 70 Mo. 336. "The finding of the chancellor in equity causes will be deferred to by the Supreme Court, unless he has manifestly disregarded the evidence." *Snell v. Harrison*, 83 Mo. 652 ; *Ford v. Phillips*, 83 Mo. 523 ; *Springer v. Kleinsorge*, 83 Mo. 159. And especially so where the evidence is conflicting, as in the case at bar. *Erskine v. Loewenstein*, 82 Mo. 301, 309 ; *Judy v. Bank*, 81 Mo. 404 ; *Parke v. Thompson*, 81 Mo. 565 ; *Hendricks v. Woods*, 79 Mo. 590 ; *Royle v. Jones*, 78 Mo. 403 ; *Chapman v. McIlwrath*, 77 Mo. 38. (3) And where there is substantial evidence to support a finding, appellate courts will not inquire as to its weight. *Hodges v. Black*, 76 Mo. 537 ; 82 Mo. 255 ; 83 Mo. 658. And this court "will be extremely reluctant to disturb a decree on a point of conflicting evidence." *Sharpe v. McPike*, 62 Mo. 300. (4) As to appellant's second point, that the court below erred in permitting Broughton to testify that he intended the one thousand dollars for his daughter, Lulu, it is presumed that the court gave no importance to the intent, when it appears, as it does in this case, that, without regard to that testimony, the judgment is for the right party. *Anderson v. Shockley*, 82 Mo. 255 ; *Hedecker v. Ganzhorn*, 50 Mo. 154 ; *Jackson v. Magruder*, 51 Mo. 55 ; *Hodges v. Black*, 76 Mo. 537. (5) There can be no consent by a wife that her separate

property may be invested for the benefit of her husband, except such consent be in writing. R. S., sec. 3296. " The act (sec. 3296) was designed to enlarge the operation of the right, to simplify the proof of the existence of the estate, and to afford protection especially against the effects of the husband's reducing the property to possession, by providing that no such reduction should be effectual, unless evidenced by writing signed by her." *McCoy v. Hyatt*, 80 Mo. 130. And Lulu Brand could not have given the money to her husband except by assent in writing. *Blair v. Railroad*, 89 Mo. 361 ; *Rieper v. Rieper*, 79 Mo. 358 ; *Rodgers v. Bank*, 69 Mo. 563. (6) When Brand received his wife's money and invested it in real estate, taking the title in his own name, he thereby became a trustee for the benefit of his wife and her heirs. *Holthaus v. Hornbostle*, 60 Mo. 442 ; *McCoy v. Hyatt*, 80 Mo. 134. Besides, there is an implied trust raised upon the supposed intention of the parties, as expressed by their language and conduct. *Foster v. Friede*, 37 Mo. 43 ; Tif. & Bul. on Trusts and Trustees, 11, 20 ; *Foote v. Foote*, 58 Bar. 258.

BRACE, J.—This is a suit in equity whereby the plaintiffs seek to have the defendant, in whom is vested the legal title to a lot in the city of Moberly, declared a trustee of such title for the benefit of the plaintiffs, and to divest him thereof, and have the same vested in plaintiffs. In May, 1883, the defendant, L. C. Brand, married Lulu M. Broughton, daughter of the plaintiffs, B. B. Broughton and his wife, Ann W. Broughton, and sister of plaintiff, Mary C. Blackford. In the month of October following, the said Lulu died without children, leaving plaintiffs her only heirs-at-law. In August, 1883, her father, the plaintiff, B. B. Broughton, who lived with his family in Paris, Missouri, drew a check on the bank at that place for one thousand dollars, payable to

L. C. Brand, or bearer, and gave it to his wife, directing her to write to their daughter, Lulu, who, with her husband, lived in Moberly, and send her the check ; which she accordingly did.   Lulu received the check, handed it to her husband, who deposited it in the bank to his own credit, and soon afterwards invested eight hundred and seventy-five dollars of the money in the property in controversy and took the deed therefor in his own name. On the trial, the plaintiffs introduced evidence tending to prove that the one thousand dollar check was a gift from the father to his daughter, Lulu, and the defendant· that it was a gift to him ; this issue of fact the trial court found for the plaintiffs, and rendered a decree in their favor, as prayed for.

As is our duty in equity cases, we have carefully reviewed the evidence in this case, and while it is the invariable practice of this court in such cases to defer somewhat to the finding of fact of the chancellor, where there is a conflict of evidence, yet in this case we find it unnecessary to invoke this rule, for, excluding from our consideration that part of the plaintiff B. B. Broughton's testimony in which he says:  "I intended this money for my daughter and gave it to her," which of all the evidence was alone objected to, we think the conclusion reached by the circuit court is sustained by the weight of the evidence.

This conclusion leaves for consideration the only question of law arising in the case.   It is contended for the appellant that, although the money which he invested in the real estate in question may have been received by his wife during coverture as a gift from her father, yet she having transferred the possession thereof to her husband, and he having invested it in said real estate, and taken a deed therefor in his own name with her knowledge and consent, she thereby made a gift of the money to her husband, it became his money, was so invested for his own use and benefit with her assent, and

no trust resulted in her favor in the legal title to the premises thus purchased ; and that the effect of section 3296, Revised Statutes, 1879, is to convert all the personal property of a married woman into a separate estate ; that as to such estate a married woman is to be regarded as a *femme sole*, with power to sell, dispose of, or give it to her husband, or, if she sees proper, to permit him to invest it in his own name for his own benefit. In other words, that she has the same power over this statutory separate estate that she would have over her technical separate estate, as recognized and upheld by courts of equity. This, doubtless, would be true if the statute did nothing more than create a separate estate in the wife ; in which case her *jus disponendi* would be absolute in any manner she might see proper to exercise it.

But the married woman's act in this state does one thing more than simply to create a separate estate in the wife in her personal property. It limits the disposition of that property to her husband by prescribing the manner in which such disposition can alone be made and evidenced. And while, by the provisions of the act, the husband may, with the assent of the wife, reduce her personal property to possession for his own use and benefit, yet he shall not be deemed to have done so, "but the same shall remain her separate property, unless by the terms of said assent, in writing, full authority shall have been given by the wife to the husband to sell, encumber, or otherwise dispose of, the same for his own use and benefit." R. S., 1879, sec. 3296. This restrictive clause constitutes the only difference between this statutory separate estate and that cognizable by a court of equity. *Blair v. Railroad*, 89 Mo. 383. "To put an end to all investigations, the law plainly requires the assent of the wife to be in writing." * *Rodgers v. Bank*, 69 Mo. 561. "The act was designed * * * to afford protection * * * against the effect of the husband's reducing the property to possession, by providing that

no such reduction should be effectual which was not evidenced by writing signed by her." *McCoy v. Hyatt*, 80 Mo. 130. There having been no such assent in writing signed by the wife in this case, her money, the gift of her father coming to her during coverture, invested by the appellant, her husband, in the real estate in controversy, was her separate property, was so invested without her assent, and the legal title thereto taken by appellant in his own name he holds in trust for her heirs, as he did for her during her lifetime, and the plaintiffs, her heirs-at-law, under the law and the facts in the case, are entitled to the relief prayed for in their petition and to the decree rendered in their favor in the circuit court, which is, therefore, affirmed. All concur, except Ray, J., absent.