ELISE BENNE, Appellant, v. HENRY BENNE'S EXECUTOR, Respondent.

St Louis Court of Appeals, February 13, 1894.

1. **Practice, Appellate**: FUNCTION OF INSTRUCTIONS: REFERENCE TO MEMORANDUM OF TRIAL COURT. When a cause is tried by the court without the intervention of a jury, instructions are of little use, except to show the theory on which it was tried. And a written opinion having been filed by the trial court in its decision of this cause, reference was made thereto by this court in explanation of a vague and inappropriate term used in an instruction.

2. **Oral and Tacit Admissions**: WEIGHT OF EVIDENCE. *Held*, in the course of discussion, that oral admissions, claimed to have been made long anterior to the time of proof, are very unsatisfactory evidence.

*Appeal from the St. Charles Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Carlisle & Ottofy* for appellant.

(1) A wife who has a separate personal estate in her husband's hands may, after his death, prove her claim and have it allowed against his estate in the probate court. *Todd v. Terry*, 26 Mo. App. 598. (2) Plaintiff's instructions numbers 1 and 2 should have been given. Instruction or declaration number 1 for defendant is not the law. Plaintiff is not required to prove the ownership of a separate estate by clear and unquestionable evidence as required by said instructions. In respect to personal property, the title to which may pass without deed or other instrument of writing as by word and delivery, the separate title thereto of a *femme covert* can be established by acts, conduct and words as any other facts *in pais*. *Holthaus v. Hornbostle*, 60 Mo. 442; *McCoy v. Hyatt*, 80 Mo. 130. The mere fact of difficulty in determining the question should not defeat her. *McCoy v. Hyatt*, 80 Mo. 134. And under the Married Woman's Act of 1875 possession itself by the husband does not defeat her recovery; it must be reduced to his possession under her authority in writing. 2 Revised Statutes, 1889, sec. 6869; *State ex rel. v. Brady*, 53 Mo. App. 206; *McGuire v. Allen*, 108 Mo. 408; *Hart v. Leete*, 104 Mo. 335; *Boughton v. Brand*, 94 Mo. 169; *Gilliland v. Gilliland*, 96 Mo. 522.

*C. Daudt* for respondent.

ROMBAUER, P. J.—Henry Benne, the defendant's testator, died in June, 1892. Shortly thereafter the

claimant, who is his widow, exhibited in the probate court for allowance against his estate the following claim:

"The estate of Henry Benne, deceased,
    "To Elise Benne...... ........ ................................ Dr.
"1885.   To money loaned out by said deceased for me, but not ac-
    counted for by him....... .................. ...... .. $600.00
"To interest on same for seven years at six per cent. per annum... 252.00
"1892.   May 31.   To amount paid in advance by railroad com-
    pany as rental of part of land belonging to homestead..... . 30.00
                                                                      _____
    "Total............................................................$882.00.

Upon a trial anew the circuit court, hearing the claim on the executor's appeal without the intervention of a jury, rejected it. The plaintiff appeals, and assigns for error the giving of erroneous instructions, and the refusal of the court to grant a new trial on the ground of newly discovered evidence.

The facts developed by the evidence are as follows: One Schone, a witness for the claimant, testified that eight or ten years ago he borrowed from Henry Benne $600, and gave him a note for the amount, payable in one year, with interest at eight per cent. per annum; that on that occasion the claimant said to him in presence of her husband: "I hope I won't lose the money, for it is my money." The husband made no reply. The witness did not know whether the note he gave was made payable to Mr. or Mrs. Benne.

On cross-examination, this witness testified that he did not know that Benne heard his wife's remark; that the transaction may have taken place, eight, nine or ten years ago; that he did not know what season of the year it was in; that he borrowed the money from Benne and repaid it within the expiration of the year, but to whom he could not say, except that he was sure he did not pay it to Mrs. Benne; that he did not know whether the money was advanced to him by check, or

paid to him in cash; that one Pieper drew the note which witness signed, but that Mrs. Benne was not present when the note was signed.

Pieper, being called, stated that about eight or nine years ago Benne and Schone and Mrs. Benne called at his store, and requested him to draw a note for $600; that, to the best of his recollection, the note was made payable to Mrs. Benne, and that some one—whom, he could not tell—said at the time that the money was Mrs. Benne's money. On cross-examination the witness said that he was not sure that Mrs. Benne was present on the occasion when he drew the note; that he could not say whether the note was for $500 or $600; that he frequently drew notes for parties and had no particular recollection of this transaction; that he had a slight recollection that the note was payable to Mrs. Benne, but would not be positive as to that.

Mrs. Hesskamp testified for the plaintiff that Schone was her son-in-law, and that she was surety on the note for $600 given for money which Schone had borrowed either from Mr. or Mrs. Benne; that she called upon the Bennes about the extension or the note, and that Mrs. Benne told her that either she or her husband wanted the money; that all her transactions were with Mrs. Benne.

This being, in substance, all the testimony bearing upon the question at issue, the defendant requested and the court gave the following instructions.

"1. The court declares the law to be that it devolves upon the plaintiff, Elise Benne, by clear and unquestionable evidence to prove that the money alleged to have been loaned by Henry Benne, now deceased, to one George Schone, was the separate property of said Elise Benne; and unless the plaintiff thus prove her ownership of said money, and that the same was converted by her husband, Henry Benne, to his

own use, the verdict on the first count of plaintiff's demand must be for the defendant.

"2.    The verdict on the second count must be for the defendant."

The court also filed a written opinion in the case, which is preserved in the record and from which the view the court took of the law appears more clearly than from the instruction given for the defendant. After stating in general terms that the evidence of Pieper and Mrs. Hesskamp was too indefinite to be entitled to weight, the opinion says: "If plaintiff recovers, then it is upon the testimony of Schone, where she asserts that the money loaned was her money.    But is a statement of that kind sufficient to show that it was her sole and separate property under the act of 1875?    Under that act property acquired by her in a certain way became her separate property, and it is for the court to say, after the facts connected with her acquisition are in evidence, whether it was acquired in one of the modes designated by the statutes as conferring ownership in her.    Her simple declaration, that the money is her property, is nothing more than her opinion that the facts attending her supposed ownership measure up to some of the statutory requirements investing a married woman with the ownership of personalty."

Where a cause is submitted to the court without the intervention of a jury, declarations of law are of but little use, except to show the theory on which the case was tried. *Cooper v. Ord*, 60 Mo. 420. The use of the term, *unquestionable evidence*, in the instruction given for defendant was not very appropriate; yet it sufficiently appears from the memorandum of the judge that he did not intend by the use of the term to imply, as counsel for appellant asserts, that the evidence adduced should place the fact in issue beyond

doubt. Whether the money was Mrs. Benne's separate property in 1882 or 1883, when its alleged conversion by her husband took place, must, under any view, depend on the state of the law at that date. *Leets v. State Bank*, 115 Mo. 184. We certainly cannot place the trial judge in the wrong, if, before finding that the money was Mrs. Benne's separate property, he as a trier of the fact required some evidence beyond a loose declaration, reported to have been made by Mrs. Benne in the presence of her husband eight nine or ten years ago. Admissions by words shown to have been uttered many years ago, are very unsatisfactory evidence. Admission by silence, when a party is under no obligation to speak, is still weaker.

We would not feel justified in disturbing the verdict, even if we could review it on the weight of the evidence, and would certainly not be warranted in doing so, when, as in this case, we are bound to defer on questions affecting the weight of the evidence to the finding of the trial court. *Todd v. Terry*, 26 Mo. App. 598. It must be noted in this connection that, in the cases relied on by appellant, the proof clearly showed that the property was the separate property of the wife, and the controversy was not touching that fact, but touching the inquiry whether it was reduced to the husband's possession with the written assent which the statute requires. *Boughton v. Brand*, 94 Mo. 169; *Hart v. Leete*, 104 Mo. 335; *McGuire v. Allen*, 108 Mo. 408.

In the case at bar the plaintiff's entire claim rests upon the fact that her husband by silence, a great many years anterior to his death, is claimed to have conceded that the money he then loaned out was her money. It is not shown how it was hers, and there is even no direct testimony that he received it from the borrower, when it was repaid. He is charged with a

conversion, and no act of conversion is shown. The further history of the fund is not traced, and it in no way appears that it forms part of the estate in the hands of the defendant. The plaintiff contends that her mouth as a witness is closed by the statute, and hence she can not show how the money was hers, and that it never was accounted for. But the husband's mouth is closed by death, and, therefore, the defendant is equally powerless from showing that the money was not that of the plaintiff, or that the husband accounted for it, or that it was lost. In tracing the character and subsequent history of this fund, the plaintiff and defendant stand on the same footing, and, as the burden of proof rests with the plaintiff, it is for her to establish some liability on part of the estate. Creditors and distributees of estates have rights which should not be affected without a clearer showing than this record furnishes.

Touching the point that the administrator should have accounted to the plaintiff for the $30 rental of the homestead accruing subsequently to the decedent's death, it will suffice to say that the only testimony on that subject is an admission that Henry Benne died in 1892, and that he had leased a part of the homestead in his lifetime for which he was prepaid $30 rent per annum, *being partly for the duration of the lease after his death.* It is not conceivable how, under the provisions of section 5435 of the Revised Statutes of 1889, the amount of the rent thus prepaid became the wife's property. The facts agreed are not sufficient to warrant any recovery on part of the claimant, much less a recovery for any specific amount.

As to the second complaint that the court should have granted a new trial on the ground of newly discovered evidence, we remark that the evidence thus discovered is merely cumulative, that the witness was

present and in the court room at the trial, and that the affidavits fail to show any diligence why his testimony was not used at that trial.

With the concurrence of the other judges the judgment is affirmed.