JOSEPHINE McGREGOR, Administratrix, Defendant in Error, v. JAMES H. POLLARD, Plaintiff in Error.

St. Louis Court of Appeals, April 21, 1896.

1. **Husband and Wife:** OPERATION OF ACT OF 1875. Money derived from the sale of land, inherited by and belonging to a wife, is an acquisition of personal property by her means within the purview of the act of 1875 (R. S., sec. 3296). Accordingly, her husband can only acquire title thereto by her express assent in writing.

2. ———: ———: MANIFESTATION OF ASSENT IN WRITING BY WIFE. The fact that such land has been conveyed by the joint deed of the husband and wife, and that the grantee gave his note payable to the husband for a part of the purchase money and secured it by mortgage on the land, at most establishes an implied assent on the part of the wife, and, therefore, fails to comply with the requirements of the statute for the reduction of her property to her husband's possession.

3. ———: ———: ACTION IN EQUITY FOR PROCEEDS OF WIFE'S PROPERTY. When a husband receives the proceeds of his wife's property without her express assent in writing and converts the same to his own uses, and, in so doing, invests a portion thereof in the improvement of his own land, an action in equity will lie to charge the land with a lien for the portion thus invested, and, as an incident thereto, for the recovery from the husband of the entire proceeds thus converted by him.

*Appeal from the Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*R. H. Norton* for plaintiff in error.

That Mrs. Pollard's interest in her real estate conveyed in 1878 was not a separate estate or means in any sense of the term has been expressly and repeatedly determined by the supreme court. *Clark v. National Bank*, 47 Mo. 17; *Clark v. Rynex*, 53 Mo. 380; *Bartlette v. Donaghue*, 72 Mo. 563; *Goff v. Roberts*, 72 Mo. 570; *Hord v. Taubman*, 79 Mo. 101; *Mueller v. Kasselman*, 84 Mo. 324.

*Chas. Martin* and *T. F. McDearmon* for defendant in error.

The defendant admitted that he had received $1,000 of his wife's money which he paid to Captain Miller on a note given for the purchase money of his Lincoln county land, and $250 which he used in building a house on his own land. This without the written consent of the wife is a conversion of the wife's separate estate for which

he is liable. *Rogers v. Bank*, 69 Mo. 560; *Reeper v. Reeper*, 79 Mo. 352; *Broughton v. Brand*, 94 Mo. 169; *Hart v. Leete*, 104 Mo. 315; *McGuire v. Allen*, 108 Mo. 403. The $250 which he used on his own land in the building of his house was properly charged against his land. *Broughton v. Brand*, 94 Mo. 169.

BOND, J.—The defendant took this case to the supreme court by writ of error. Upon consideration of the record, that court transferred the cause to this court on the ground that it had no appellate jurisdiction thereof. The statement of the facts and issues in this cause made in the opinion of the supreme court is adopted by us. That statement is, to wit:

" It appears from the evidence in this case that, in a proceeding in partition in the circuit court of St. Charles county between the heirs of Matthew N. Clay, deceased, there were set off to his daughter, Nancy J., certain lands in said county in the commissioner's report made to said court on the twenty-fourth of September, 1872, as her share as one of the heirs at law of her said father; that afterward, in 1876, the said Nancy J. intermarried with the defendant James H. Pollard; that afterward, to wit, on the twenty-seventh day of July, 1878, the said James H. Pollard and his wife, the said Nancy J., by warranty deed duly executed, conveyed said lands to one Peter Rummert for the consideration of $3,300, $1,000 of which was paid in cash, and for the remainder the said Rummert executed, his promissory note of that date for the sum of $2,300, payable to the order of the said James Pollard within two years after date with interest from March 1, 1879, and on the same day the said Rummert and wife, parties of the first part, conveyed said lands by deed of trust to H. S. Clay, party of the second part, to secure the payment of the said promissory note to

the said James Pollard, party of the third part; that afterward, to wit, in August, 1887, the said Nancy J. died intestate without lineal descendants, and on the fifth day of March, 1888, letters of administration on her estate were granted to her sister, the plaintiff, Josephine McGregor, who as such, on the seventeenth day of March thereafter, instituted this suit charging in her petition 'that the whole of the proceeds of the sale of said lands so belonging to the said Nancy J. Pollard in her own right as aforesaid, was received by the said respondent, James H. Pollard, and, without the written consent of the said Nancy J. Pollard, was by him converted and appropriated to his own use and benefit, and never accounted for or paid to the said Nancy J. Pollard, or anyone else;' that, of the moneys so converted, he used the sum of $1,500 in paying off certain mortgages or deeds which were liens upon land, owned by the defendant and described in the petition, and that he used the further sum of $1,000 in making improvements on said lands, and prayed for judgment for the amount of the proceeds of said lands so converted, and that the said sums of $1,500 and $1,000 be declared a lien and charge upon said lands of the defendant. The case was tried as a proceeding in equity. The court found from the evidence that the defendant received of the proceeds of the sale of the land of the said Nancy J. the sum of $1,000, which he had converted to his own use without her written consent, and that afterward in like manner he had received the further sum of $250 of such proceeds, which he had used in the improvement of the dwelling house on his own land; rendered judgment in favor of the plaintiff for the sum of $1,250, and decreed that $250 thereof be made a special lien and charge upon the defendant's said lands, awarded special execution against

said lands for that amount, and general execution for the remainder."

It is argued by plaintiff in error that the proceeds of the sale of the general estate of the wife in the lands which she acquired by inheritance did not fall within the protection of Revised Statutes of 1879, section 3296, in force at the time of the transaction. The difficulty with this view is that it is directly opposed to the following decisions of the supreme court: *Rodgers v. Bank*, 69 Mo. 560; *McGuire v. Allen*, 108 Mo. 403; *Broughton v. Brand*, 94 Mo. 169; *Gilliland v. Gilliland*, 96 Mo. 522. Under these decisions the trial court correctly held that the money derived from the sale of the wife's lands in this case was an acquisition of personal property by her means within the purview of the act of 1875 (R. S. 1879, sec. 3296); hence, the husband could acquire no title to said money except by the express written assent of the wife. This disposes of the first assignment of error.

It is next insisted that, conceding the case to be governed by the married woman's act of 1875, still the fact that the husband and wife joined in the deed conveying her general estate, and that the vendee gave a mortgage on said land to secure a note made to the husband for a balance of the purchase money, manifested a written assent by the wife to the acquisition of the money by the husband. This view is wholly untenable. The transaction of a joint deed by the husband and wife and mortgage back by the vendee could at most only amount to an implied assent by the wife, that the note secured by the mortgage should be the property of the husband. It is expressly decided in *McGuire v. Allen, supra*, that such an implied assent was insufficient to comply with the statute disabling the husband from acquiring title to the personal property of the wife except by her written assent.

Neither is there any merit in the assignment of want of equity in the petition. The object of the suit was to adjudge the husband a trustee of the personal property of the wife received by him without her written assent, and to charge certain land belonging to him with a lien for a portion of the trust funds invested therein. This clearly presented a case of equitable cognizance and was fully sustained by the proof, upon which the finding of the trial court was made, that $250 of said trust fund had been invested by the husband in the land charged with the lien for that amount. *Broughton v. Brand*, 94 Mo. 169. Equity, having unquestioned jurisdiction of the cause of action to this extent, upon familiar principles could administer full relief between the parties. An examination of the record discloses that the finding of the trial court was well warranted by the weight of the evidence. The decree will, therefore, be affirmed. All concur.